Assignment of Errors—Opinion of the Court. [62 Pa. Superior Ct.

Rule discharged.

*Errors assigned* were various rulings and instructions

*John A. Coyle,* with him *John M. Groff* and *William H. Keller,* for appellants.

*John E. Malone,* with him *John B. Graybill,* for appellee.

OPINION BY ORLADY, P. J., March 1, 1916:

This action of assumpsit was to recover the value of a horse, alleged to be the property of the plaintiffs, and on the trial a verdict was returned in favor of the defendant.

The whole question was one of fact. The evidence in the case was contradictory, and the jury was instructed to reconcile it if possible, and if they could not do so, then to determine which of the witnesses they would believe.

The opinion filed by Judge LANDIS in refusing a new trial, fully answers the argument of the appellant in relation to the assignments of error.

The judgment is affirmed.

---

# Reynolds, Appellant, v. Reynolds.

*Divorce — Desertion — Refusal to provide wife with home — Mother-in-law.*

A husband will be refused a divorce for desertion, where it appears that after his marriage he took his wife to his mother's home; that the latter made the situation very unpleasant for the wife; that the husband gave his wife nothing except twenty-five cents during the time they lived together; that when she wanted money he told her to ask his mother; that the mother told the son to take his wife and baby and go; that the wife went home to her own people several times, but returned again; that she finally left but not with the idea of a final separation; and that the wife had

requested her husband to provide her with a separate home, but he gave no heed to her request.

Argued Nov. 16, 1915.   Appeal, No. 235, Oct. T., 1915, by plaintiff, from decree of C. P. Chester Co., Jan. T., 1915, No. 54, refusing divorce in case of Harvey Reynolds v. Eva Reynolds.   Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Libel for divorce on the ground of desertion.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree refusing divorce.

*W. E. Greenwood,* for appellant.

No printed brief for appellee.

OPINION BY TREXLER, J., March 1, 1916:

The husband took his wife to his folks.   His mother was the head of the household and carried the purse and apparently was in control.   According to the wife's story, her husband gave her nothing but twenty-five cents during the time of her living with him and when she wanted money he told her to ask his mother.   The mother told the son to take his wife and baby and go.   There was evidence of contentions between the mother and son which made the situation very unpleasant for the wife. She desired her husband to set up a home of his own. Under the circumstances it is no wonder that she felt that she was not welcome in the mother-in-law's household.   She went home to her folks several times but returned again.   Finally she left, but it was not with the idea of a final separation.   She is even now willing to return to her husband, if he maintains a separate home.

After reading the testimony, we can readily come to the conclusion that the husband was quite willing that

the.wife should go. After she had left she wrote to him telling him that she wished him to make a separate home but that if he would not do this she wished, "to bring her sister back with her to attend to the baby for a couple of weeks until the baby got stronger." This letter elicited no reply. There appears to have been no attempt on his part at any time to relieve the situation or to open the way for the wife's return. The conclusion is justifiable that he did not care for his wife's presence and companionship. He has never contributed anything toward her support or the support of his child and their living apart seems to be with his acquiescence. Since 1905 he has had no communication with his wife.

We think the learned court was right in adopting the recommendation of the master that the divorce should be refused.

Decree affirmed.