## Moses, Appellant, *v.* Moses.

*Divorce—Desertion—Evidence—Insufficiency.*

In an action for divorce, on the ground of desertion, a decree of divorce is properly refused, where the evidence establishes separation by mutual consent, rather than a wilful and malicious desertion.

Although the respondent's conduct after the separation may have been such that a divorce might be granted on other grounds, the libellant cannot have a decree of divorce for any reason other than that alleged in his libel. Courts ought never to sever the marriage contract, except where the application is made in sincerity and truth, and then only for the very cause set forth in the libel, and fully sustained by the testimony.

Argued December 7, 1920. Appeal, No. 293, Oct. T., 1920, by libellant, from judgment of C. P. Lehigh County, Jan. T., 1920, No. 162, refusing a divorce in the case of Jacob M. Moses v. Marjorie May Moses. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before HENNINGER, J.

The case was referred to Morris Hoats, Esq., as master, who recommended that a divorce be granted. Subsequently, on exceptions to the master's report, the court sustained the exceptions and dismissed the libel.

*Error assigned* was the order of the court.

*Thomas F. Dieffenderfer,* and with him *John L. Cutshall,* for appellant.

154, (1921).]    Arguments—Opinion of the Court.

No appearance and no printed brief for appellee.

OPINION BY PORTER, J., July 14, 1921:

The appellant seeks a divorce upon the ground of willful and malicious desertion. The court below after careful consideration of the evidence found that it did not sustain the allegation of the libellant and entered a decree dismissing the libel. We have given to the testimony in this case the careful consideration required by the nature of the proceeding, and are not convinced that the judgment of the court below was erroneous. The testimony of the libellant is the only evidence in the case which directly tends to support the allegation of the libel, but his own statement of the facts, when construed in the light of his acts, tends rather to establish that the separation was by mutual consent, although brought about by the indiscreet conduct of the respondent. The libellant testified that upon returning from his work in the evening he found his wife talking over the telephone to some man, whereupon he remonstrated, took the telephone instrument from her and they had an altercation. The respondent said that if she could not talk to the man over the telephone she would go outside and talk to him and left the house and did not return for several days. The libellant sought legal advice and wrote to his wife telling her to come and get her clothes by Friday night and that he was going to pack up his effects by Friday night and wait until she returned. The respondent came on Friday night, packed up a few of her things and left, saying she was going to get out. This testimony tends to establish a separation by mutual consent, rather than a malicious and willful desertion on the part of the wife. The libellant's testimony certainly indicated that he had reason to believe his wife guilty of serious misconduct, and that investigation might establish his right to a divorce upon other grounds. This probably led him to resolve that he would no longer cohabit with the respondent, but whatever may have been

the cause what he did was to write a letter telling her to come and get her things, and, when she came and got her things, he made no suggestion that she remain. This is in entire harmony with the testimony of Mrs. Buzzard, a neighbor called by libellant, who said that libellant had told her at the time that he and his wife "had separated."

Separation is not desertion. If the testimony of the libellant is all true this respondent may have been guilty of conduct so indiscreet that the libellant would have had no difficulty in obtaining testimony which would have justified him in separating from her. The respondent may, after the separation, have entered into a bigamous marriage. Those are, however, matters entirely apart from the issue here presented. The libellant cannot have a decree of divorce upon any ground other than that alleged in his libel. Courts ought never to sever the marriage contract, but where the application is made in sincerity and truth, for the very cause in the libel set forth, and no other, and fully sustained by the testimony: Hexamer v. Hexamer, 42 Pa. Superior Ct. 226.

The decree is affirmed and the appeal dismissed at costs of the appellant.