## Bracken, Appellant, *v.* Bracken.

*Divorce—Desertion—Evidence—Insufficiency.*

A mutual consent that will prevent a divorce on the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement.

Where it appears that there was no attempt on the part of libellant to relieve the situation or to open the way for the wife's return, the conclusion is justifiable that the libellant did not care

for his wife's presence and companionship, and that the separation was by consent, but did not amount to wilful and malicious desertion.

Argued April 27, 1921. Appeal, No. 102, April T., 1921, by libellant, from decree of C. P. Allegheny Co., April T., 1920, No. 998, dismissing libel in divorce in the case of Robert C. Bracken v. Myra G. Bracken. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before REID, J.

The case was referred to R. P. Lewis, Esq., as master, who recommended that a divorce be granted.

Subsequently the court overruled the recommendation of the master and refused to grant a divorce. Libellant appealed.

*Error assigned* was the order of the court.

*M. M. Edmundson,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY HEAD, J., July 14, 1921:

The parties to this action for divorce were married in July, 1916. Each one of them was then about the age of sixteen years. It was a runaway marriage. Both of them lived in the City of McKeesport and, after their marriage in Cumberland, returned to that city and took up their home with the parents of the libellant husband. In February, 1920, the libel in this case was filed by the husband seeking a divorce on the ground of wilful and malicious desertion which, as he declares, had been continuous since March, 1917. He testifies that when he returned from work on a day in that month he found that his wife had gone from their apartment and had left behind her a note, addressed to him, which he did not preserve. At the hearing he undertook to testify to its contents in this language: "She just said she did not think

she and I would be able to get along together and she was going to leave." He further testifies that during all of the period that had elapsed she was living with her father in the same City of McKeesport; whether in the same block or at some greater distance from his home does not appear. Never, by word or act, did he manifest the slightest regret over his child wife's departure; never did he see or offer to see her; never did he write her a letter to inquire into the source of her trouble, real or imaginary, and never did he make any effort of any kind to remove any impression, under which she might have acted in leaving his father's house, or to assure her of his affection and invite her return. Although personally served, the wife did not contest the action nor appear before the master to testify. Had the husband desired to have her version of the nature or character of the trouble that brought about the separation, her attendance as a witness could easily have been procured.

Under these circumstances all of the judges of this court were convinced, as was the learned judge of the court below, that no case of wilful and malicious desertion was made out. On the contrary, the whole of the record rather leads to the conclusion that the separation, if not actually consented to by the husband, was not seriously disagreeable to him. It was said in Thompson v. Thompson, 50 Pa. Superior Ct. 167: "The mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties, and need not be put in the form of a solemn written agreement." The same thought is expressed by TREXLER, J., in Reynolds v. Reynolds, 62 Pa. Superior Ct. 280: "There appears to have been no attempt on his part at any time to relieve the situation or to open the way for the wife's return. The conclusion is justifiable that he did not care for his wife's presence and companionship." It is not the policy of the State of Pennsylvania to permit divorces to be so easily obtained as they

could be, were a divorce to be granted in a case like the present one.

The appeal is dismissed at the costs of the appellant.