## Deitcher v. Deitcher.

*Divorce—Desertion—Home with libellant's mother.*

A husband is entitled to a divorce on the ground of desertion where the wife claimed that she was unhappy and not treated well at the house of her husband's mother, where the husband and wife lived, but there was much and very convincing testimony to the contrary, and if she complained to her husband, which he denied, it was a considerable time before she left, and neither when she left nor afterwards did she give either unkind treatment or his refusal to provide another home as the cause for her leaving, nor did the evidence show that she ever made a *bona fide* offer to return to him at a home other than the one with his mother.

Divorce. Rule to show cause why a decree should not be entered. C. P. Lancaster Co., Sept. T., 1920, No. 3.

*B. F. Davis*, for libellant; *John N. Hetrick*, for respondent.

HASSLER, J., July 8, 1922.—The master recommended a divorce in this case on the grounds of desertion. The parties were married on Jan. 16, 1919, and from then until June 13, 1919, lived at the home of the libellant's mother, at No. 30 North Water Street, this city. The libellant testified that his agreement with the respondent was that she would live at his mother's home, where he had a room furnished with furniture belonging to himself. On June 13, 1919, when the libellant returned from work, he found a note from his wife, telling him that she had left him for good. No reason was given in it, nor in any other way or at any other time, for her leaving. No effort to return to him was ever made. She testified that in March, 1921, nearly two years after she left him, at a hearing in this court, in a proceeding to obtain an order for the support of herself and child, she offered to live with him if he would provide a home away from that of his mother, and again, in her answer to this libel, filed in December, 1921, she repeated the offer. She testified that her life with respondent's mother was not pleasant or happy; but there is much testimony to the contrary, and it is very convincing. This testimony also shows that she was kindly and considerately treated. She testified that she only complained of her treatment and requested a change of her home on one occasion before she left, which was on May 30, 1919. The libellant denies that she made any such complaint or request at that time. But even though she did, she remained there for some time afterwards, and neither, when she left nor afterwards, did she give either unkind treatment or refusal to provide another home as the cause for her leaving. In fact, she gave no reason for it. Under these circumstances, we are convinced of the correctness of the master's finding that there was wilful and malicious desertion of the libellant by the respondent without a just and reasonable cause, and that a decree of divorce *a. v. m.* should be entered.

The attorney for the respondent, in contending that there was no wilful and malicious desertion shown, relies on the cases of Reynolds *v.* Reynolds, 62 Pa. Superior Ct. 280, and McCampbell *v.* McCampbell, 64 Pa. Superior Ct. 143. In both of them it is decided that it is not wilful and malicious desertion on the part of a wife to leave her husband, with whom she lived at the home of his parents, when she was unkindly treated, where she gave this as her reason for leaving, and told him that she would live with him at any other home as soon as one was provided. These cases differ from the one at bar, in that the proof here does not show that the respondent was unhappy or treated unkindly at the home of libellant's mother, nor that she left him because he did not provide another home for her; nor does it show that she

ever made a *bona fide* offer to return to him at a home other than one with his mother. They are, therefore, not authority for the respondent's contention that there was no wilful and malicious desertion shown in this case.

We confirm the report of the master, and direct a decree of divorce *a. v. m.* to be entered.

From George Ross Eshleman, Lancaster, Pa.