## Maus, Appellant, *v.* Maus.

*Divorce—Desertion—Evidence—Insufficiency.*

A decree of divorce, on the ground of desertion was properly refused, where the evidence established that the libellant acquiesced in the departure of the respondent and never requested her return or indicated any desire to that end.

Argued November 15, 1922. Appeal, No. 170, Oct. T., 1922, by libellant, from judgment of C. P. Montour Co., Oct. T., 1921, No. 55, refusing a divorce in the case of Charles J. Maus v. May Vola Maus. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before SMITH, P. J., 34th Judicial District, specially presiding.

The case was referred to Thomas C. Welsh, Esq., as master, who recommended that a divorce be granted. Subsequently, on exceptions to the master's report, the court sustained the exceptions and dismissed the libel.

*Error assigned,* inter alia, was the judgment of the court.

*R. Scott Ammerman,* for appellant.

*R. S. Hemingway,* for appellee.

OPINION BY TREXLER, J., March 2, 1923:

The parties were married April 5, 1919, and went to live with the husband's mother. She did not approve of the match neither did the wife's father. After the husband took his wife home, he sought to introduce his bride to his mother, but she refused to recognize her, and stated she did not want to know her. She persisted in that attitude and would not pass food to her at the

table and continued to ignore her and testified at the trial that she did not want to know her daughter-in-law, as she had not married her. The mother ran the home, owned the property and furnished the provisions, and the husband was hired by her. On June 7, 1919, the respondent states her husband requested her to go home as he did not wish her to remain alone in the house, as the other members of the family would be away. She asked whether she should stay over Sunday and he replied that she need not take any clothes that morning as he was going to bring all her clothes to her parents' home that night, that he expected perhaps to go West for two weeks and that he was going to take her to her parents' home. He left her near her home in the morning and in the evening he brought her back to his home, where they together packed all her clothes and took her to her home where he unloaded the clothes and took them into the house. She had no intention of leaving him and they both stated at that time that they were not leaving each other. His trip to the West was delayed, but he did subsequently go. Her testimony is contradicted in some particulars by her husband. He states that she declared she would stay with him no longer. He, however, admits that he left her in the morning at her parents' home, brought her back to his home in the evening and after she had packed her clothes took her back to her parents' home. When she was at her home she wrote a number of letters to him asking him to come and see her. He never answered them. We have held a number of times that where the husband consents to his wife's departure and helps her in the accomplishment of it, we may draw the conclusion that he is just as willing to have his wife go as she is willing to go and that the separation is consentable: Moses v. Moses, 77 Pa. Superior Ct. 154; Bracken v. Bracken, 77 Pa. Superior Ct. 219; Reynolds v. Reynolds, 62 Pa. Superior Ct. 280; Thompson v. Thompson, 50 Pa. Superior Ct. 167. In the present case, as was very properly stated, in substance, by the lower court, there is no

evidence that his acquiescence in her departure has ever been revoked, on the contrary he has regarded the incident as closed and failed to grasp the numerous chances afforded by the letters sent to him by his wife, to see her and fix matters; "he has never requested his wife's return to him or indicated any desire to that end" nor can he insist that his wife's present attitude is wrong until he changes his own.

The decree of the lower court is affirmed. Appellant to pay the costs.