# Heckman, Appellant, v. Heckman.

*Divorce—Cruel and barbarous treatment—Evidence—Sufficiency.*
Courts ought never to sever the marriage contract, except where the application is made in sincerity and truth for the causes set forth and no others, and fully sustained by the testimony.
In an action for divorce on the ground of cruel and barbarous treatment, a decree of divorce is properly refused, where a careful reading of the testimony leads to the conclusion that the libellant has not proved his case, and where the preponderance of the evidence indicates that the libellant and his stenographer were fond of each other, and that the action was brought, not because there are just grounds for severing the marital relation, but because the libellant had tired of his wife and wanted to get rid of her.

Argued April 30, 1923. Appeal, No. 48, April T., 1923, by libellant, from decree of C. P. Allegheny County, Jan. T., 1920, No. 1508, refusing divorce in the case of Daniel E. Heckman v. Lillie A. Heckman. Before POR-TER, HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ. Affirmed.

Libel in divorce on the ground of cruel and barbarous treatment. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Lewis Z. Birmingham, Jr., Esq., as master, who recommended that a divorce be granted. On exceptions to the master's report, the court sustained the exceptions and refused a divorce. Libellant appealed.

*Error assigned* was the order of the court.

*Ben Paul Brasley,* for appellant, cited: Russell v. Russell, 37 Pa. Superior Ct. 353; Breene v. Breene, 76 Pa. Superior Ct. 572; McMahen v. McMahen, 186 Pa. 485.

*William A. Blakely,* for appellee.

OPINION BY TREXLER, J., July 12, 1923:

The parties were married in 1903 and lived together until November 6, 1919, when the husband left the wife and has not lived with her since. They have three children. The husband is the libellant and gives as the cause of divorce cruel and barbarous treatment extending over many years. The master found in his favor, the lower court against him. The proof offered by the libellant is to the effect that the wife continually nagged him, called him vile names, tore his clothes, spit in his face, used obscene language, falsely accused him of commerce with other women, threatened suicide, caused him to neglect his business, was inattentive to him in every way, failed

to perform marital duties, and used drugs. The master found all these facts in libellant's favor, accepting throughout his testimony as true and giving no credence to the respondent's. As to many of the accusations it was the husband's oath against the wife's. His testimony runs smoothly, the wife is always at fault and he is a model of patience and fidelity. Everything that appears against him is flatly contradicted. The wife seems to have some restraint in testifying and admits certain occurrences which are unfavorable to her. She says she did on three occasions threaten to commit suicide, but she was nervous and over-worked and the last occasion was when she learned of the intimacy existing between her husband and his stenographer. According to his testimony they led a cat and dog life. She scolded long and loud. Strange to say the neighbors testified that Mrs. Heckman had a well-ordered house, that they heard no disturbance or observed anything unusual and that the parties apparently lived together amicably, took walks and went to church and everything seemed to be all right. True it is that a boarder who lived with the couple for several years testified to some violent scenes and characterized the conduct of the wife as unkind and irritable, but summed up his testimony that there was "just now and again unpleasantness," "just the ordinary quarrels in the family." It appears that the wife was not of robust health and was required to keep her house in order and keep her children properly cared for. His occupation was such as kept him out at night and his home comings were late and uncertain. Trivial incidents are exaggerated. Great stress was laid on the fact that there were two razors in the house and that the wife hid one of them. This caused the husband to fear something would happen, but the strange anomaly is presented that once a week the wife shaved the back of her husband's neck with the razor that was not hid. That one was kept in the medicine cabinet in the bathroom and "open all the time." The alleged affair with the stenographer

aroused the jealous disposition of the wife, as it naturally would.  The parties accused both asserted before the master that there was no intimacy between them or any outward display of affection.  The wife, the oldest daughter and three other witnesses testified to actions on the part of the libellant and the girl, which would arouse suspicion, although perhaps only manifestations of what, one of the witnesses testified the libellant declared to be "a new kind of sympathetic love."  This phase of the case, at least as far as any knowledge of the respondent was concerned, appeared late in the married life of the parties of this action.  Up to this time the respondent states they lived together amicably.  If his home became less comfortable and its atmosphere less congenial by reason of the suspicions of the wife, he had himself to blame.  We attach little importance to the testimony of the man from Baltimore, who stated that the domestic troubles of the libellant made him neglect his business.  The witness was too ready to draw conclusions.  The two facts might appear that there were domestic troubles and that libellant's business declined, but that the one was due to the other was conjecture as far as the witness was concerned.  It might have been due, as another witness testified, to the lack of respect which the men had for libellant, due to the persistent rumors of his relations with his stenographer.  We do not assume that all the libellant says is untrue.  We are not able to determine that definitely, but after a careful reading of the testimony, we are all led to the conclusion that the libellant has not proved his case.  It may not be a fact, but the preponderance of evidence indicates that the libellant and his stenographer were fond of each other and gives support to the argument that this action is brought by the libellant, not because there are just grounds for severing their relations, but because he is tired of his wife, wants to get rid of her or as she asserts he said to her, desires to have a younger woman.

Considering the case in all its aspects, we do not think the libellant's proof is so clear as to warrant a divorce. We repeat what has been said so often but still remains the guiding principle in such cases, "Courts ought never to sever the marriage contract but where the application is made in sincerity and truth for the causes set forth and no other, and fully sustained by the testimony": Forrester v. Forrester, 77 Pa. Superior Ct. 364, and cases there cited.

The decree refusing the divorce is affirmed. Appellant to pay the costs.