# Carey, Appellant, *v.* Carey.

*Divorce—Desertion—Evidence—Nonsupport—Record of conviction.*

A divorce will not be granted to a wife on the ground of desertion by her husband, where the only evidence as to the desertion, is the record of the court of quarter sessions showing that libellant had made an information against her husband charging him "with' nonsupport of deponent and her two children," and that the court has made an order on the husband.

Under the Act of April 13, 1867, P. L. 78, there necessarily arise two classes of cases, one in which the husband separates himself from his wife, deserting her, and taking up his own abode elsewhere, and second, the other, where the husband neglects to maintain his wife although he may still continue to reside under the same roof with her.

Submitted Jan. 12, 1903.   Appeal, No. 232, Oct. T., 1902, by plaintiff, from decree of C. P. No. 1, Phila. Co., June T., 1901, No. 220, refusing divorce in case of Julia E. Carey v. John F. Carey.   Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Libel in divorce for desertion by husband.

The opinion of the Superior Court states the case.

*Error assigned* was in disapproving report of master and in dismissing libel.

*Samuel E. Cavin*, for appellant, cited: Bander's App., 115 Pa. 480.

No appearance nor paper-book for appellee.

OPINION BY W. D. PORTER, J., May 19, 1904:

The learned judge of the court below disapproved of the report of the master and entered a decree dismissing the libel, without filing an opinion giving his reasons for the conclusion reached.   There can be no doubt that, in such a case, it would conduce to the orderly administration of justice if the court below would state the reasons for its action; but the failure to do so is not a sufficient reason for reversing the judgment and entering a different decree.   The court below was vested with a discretion to pass upon questions of fact, and the judgment

ought not to be reversed unless, upon a review of the evidence, error is clearly manifest.

The burden was upon the libellant to establish by satisfactory evidence that her husband had wilfully and maliciously deserted her and absented himself from her habitation, without reasonable cause, for and during the term and space of two years. The record of a conviction of the husband, upon prosecution in the court of quarter sessions, for desertion, would undoubtedly have been persuasive evidence of a wilful and malicious desertion, Vanleer v. Vanleer, 13 Pa. 211 ; Bauder's Appeal, 115 Pa. 480 ; Bealor v. Hahn, 117 Pa. 169 ; Hahn v. Bealor, 132 Pa. 242, but such conviction would not have been conclusive. The difficulty with the appellant's case, however, is that the record offered in evidence did not show that the husband had been convicted of desertion. The Act of April 13, 1867, P. L. 78, confers upon the court of quarter sessions jurisdiction to make an order upon a husband, " to pay such sum as said court shall think reasonable and proper, for the comfortable support and maintenance of his wife, or children, or both." The facts upon which the exercise of this jurisdiction is, by the statute, made dependent are, that the husband " shall separate himself from his wife, or from his children, without reasonable cause, or shall neglect to maintain his wife or children." There must necessarily arise under this statute two classes of cases, one in which the husband separates himself from his wife, deserting her and taking up his own abode elsewhere, and second, the other where the husband neglects to maintain his wife, although he may still continue to reside under the same roof with her. A husband possessed of property, or having the opportunity and ability to work, who neglects to maintain his wife and children is liable to prosecution under this statute, although he may never have withdrawn from the common home. Maintenance is the sole object of the act: Keller v. Commonwealth, 71 Pa. 413 ; Commonwealth v. Tragle, 4 Pa. Superior Ct. 159. The record upon which the appellant relied showed that she had made an information against her husband charging him " with nonsupport of deponent and her two children." The defendant gave bail for his appearance at the court of quarter sessions to answer the charge ; and the court after a hearing ordered the defendant to " pay the sum

of five dollars per week for the support of his wife, Julia Carey, and his minor children." The defendant was not charged with having separated himself from his wife and children, or deserted them ; he was charged with having failed to support them, which is the equivalent of " neglect to maintain his wife," and children, the language of the statute. The record was only evidence of what was there adjudged, and we are not satisfied that the conclusion of the court below, that it failed to establish a wilful and malicious desertion by the husband, was erroneous.

The decree of the court below is affirmed.