FRANK J. KALCHTHALER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9207.  Promulgated August 20, 1946.

*Daniel F. McCarthy, Esq.*, for the petitioner.
*R. Bruce Jones, Esq.*, for the respondent.

626

OPINION.

HARRON, *Judge*: Petitioner seeks a deduction under section 23 (u) of the Internal Revenue Code for payments he made to his wife in the taxable year for her support. Whether petitioner is entitled to a deduction depends upon whether the payments to his wife come within section 22 (k). Both sections are set forth in the margin.[1]

These sections were added to the Internal Revenue Code by the Revenue Act of 1942. See subsections (a) and (b) of section 120,

---

[1] SEC. 22. (k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon

Revenue Act of 1942. Section 22 (k) is a new provision which has been added to section 22 (relating to gross income) under which a new class of income must be included in the gross income of a wife, or a husband, as the case may be. The new subsection (k) was added to section 22 "in order to provide *in certain cases* a new income tax treatment for payments in the nature of or in lieu of alimony *or an allowance for support as between divorced or legally separated spouses.*" (Italics added.) Ways and Means Committee Rept. No. 2333, p. 71; Senate Finance Committee Rept. No. 1631, p. 83; 77th Cong., 2d sess. With respect to the husband, from whom the wife receives payments, complementary provision is made for the deduction from his income of any amount included in such wife's income under section 22 (k), by the addition of a new subsection, (u), to section 23 (relating to deductions from gross income). Thus, in some instances, payments received from a husband by a wife must be included in her income; and the husband is entitled to a deduction therefor.

It is apparent that these provisions are novel in the system of income tax because, until they were enacted, a husband's payments to his wife during marriage and after divorce were, generally speaking, neither deductible by him nor taxable to his wife.

Under section 24 (a) (1) of the Internal Revenue Code, no deduction shall in any case be allowed in respect of "personal, living, or family expenses." Section 120 of the Revenue Act of 1942 did not amend section 24 (a) (1). It stands unaffected. It must be taken into account in considering the issue presented, because if the payments made by petitioner to his wife which are here in question do not come within the new section, section 22 (k), then section 24 (a) (1) applies; i. e., if the payments remain in the class of family or personal expenses, no deduction is allowable.

It is petitioner's contention that, since the payments in question were for support and separate maintenance and were made under a court order, they come within subsection (k). Petitioner's contention is made under a brief argument which is not only very limited in its text, but is also entirely lacking in any discussion of the marital status of petitioner and his wife in the taxable year. For example, in his brief, petitioner does not present any argument on whether or not he and his wife were legally separated. It is stipulated that the parties

---

or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband.

\* \* \* \* \* \* \*

SEC. 23. (u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

were not divorced in the taxable year, that no divorce has been obtained, and that the parties are still married. It is also stipulated that petitioner and his wife have never entered into any written contract for support or separate maintenance.

Section 22 (k) is limited in its application to payments made to "a wife who is divorced *or legally separated from her husband* under a decree of divorce or of separate maintenance." (Italics added.) The obvious plan of the section, as shown by the entire section, is to deal with payments which are made incident to divorce or legal separation. If the meaning of section 22 (k) is not clear, in the provision which reads "a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance," it is of assistance to refer to the discussion of the term "separate maintenance" in Words and Phrases, vol. 38, p. 629, wherein it is pointed out that "in many jurisdictions courts have authority to make an allowance to a wife who is living separate and apart from her husband, *without being legally separated* or divorced, and this allowance * * * is often called 'separate maintenance'." (Italics added.) *Dyer* v. *Dyer*, 194 S. E. 278.

The construction which must be placed upon section 22(k) with respect to the question presented here is that it relates to periodic payments made under a decree of separate maintenance to a wife who is legally separated or divorced from her husband, but that it does *not* apply to a decree of separate maintenance made to a wife, who is not legally separated or divorced.

An action for separate maintenance is not an action for legal separation, generally speaking. The object of the former is to compel a husband to provide support, and the decree of separate maintenance and/or support does not expressly authorize the wife to live apart from her husband. On the other hand, a decree of separation from bed and board authorizes a wife to live apart from her husband. See Words and Phrases, *supra*.

In this case, the facts are that petitioner left his wife and lived apart from her, and that he did not provide for her support. She filed an action for support. Petitioner was adjudged guilty of nonsupport and ordered to pay $8 per week to his wife for her support and separate maintenance. The proceeding was instituted in the quarter sessions court of a county. See section 4733 of the Penal Code of 1939, Purdon's Pennsylvania Statutes Annotated, title 18, p. 529, and the annotations under section 4733, and particularly the reference to *Eckert* v. *Eckert*, 3 Berks. 113, 116 (1910) ; and *Carey* v. *Carey*, 25 Pa. Super. 223 (1904), where it is said:

If support of the wife only, as distinguished from separation with support, is the object aimed at by the libellant, the appropriate proceedings would not be in the divorce court, but in the quarter sessions under this statute.

In Pennsylvania jurisdiction over a proceeding for legal separation lies in courts of common pleas. See Title, 23—Divorce—par. 15, Purdon's Pennsylvania Statutes Annotated, p. 268; see also *Commonwealth* v. *Scholl*, 39 Atl. (2d) 719; and *Rutherford* v. *Rutherford*, 32 Atl. (2d) 921.

The support order here in question was not issued by a court of common pleas, but was issued by a quarter sessions court. It was not a decree of legal separation with support, but was only a support order. The payments which petitioner made to his wife in the taxable year were made under an order or decree of separate maintenance which does not come within section 22(k) because, although it made an allowance to his wife for her separate maintenance, the status under Pennsylvania law of petitioner and his wife was that he was living apart from his wife, and she was not legally separated from him. Since the wife was not legally separated from petitioner, the sums paid to her are not includible in her gross income under section 22(k). It follows that petitioner is not entitled to the deduction claimed under section 23 (u). It is so held. Respondent's determination is sustained.

*Decision will be entered for the respondent.*