Alfred Terrell v. Commissioner.
Terrell v. Commissioner
Docket No. 15682.
United States Tax Court
1948 Tax Ct. Memo LEXIS 105; 7 T.C.M. (CCH) 615; T.C.M. (RIA) 48169; August 26, 1948
*105 Raymond E. Hackett, Esq., 1 Atlantic St., Stamford, Conn., and William H. Timbers, Esq., for the petitioner. Stephen P. Cadden, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: This proceeding was brought for a redetermination of a deficiency of $11,881.72 in petitioner's income tax for 1943. The only issue is whether payments made by petitioner to his estranged wife in the years 1942 [1] and 1943, pursuant to a separation agreement, are deductible under Internal Revenue Code, Section 23 (u). The case was presented on stipulations of fact and evidence adduced at the hearing. [The Facts] The stipulated facts are hereby found accordingly. Petitioner resides in Chicago, Illinois, and filed his Federal income tax returns for the periods involved with the collector of internal revenue for the first district of Illinois at Chicago. On November 9, 1926, petitioner, then residing in New York City, entered into a separation agreement with his wife, Ethel K. Terrell, then residing in Pleasantville, Westchester County, New York, whom he married in 1900. Pursuant *106 to this agreement petitioner was to pay his wife certain sums for her alimony and for the support and maintenance of herself and their two minor sons. The agreement, inter alia, stated: "SEVENTEENTH: If the party of the first part fails to keep and observe any of the covenants hereby undertaken by him, the party of the second part may, upon any such default, at her election rescind and cancel this agreement by giving written notice to that effect to the party of the first part and thereupon and thereafter bring such actions and suits, at law or in equity, for damages or for legal separation and separate maintenance, or both, as the party of the second part hereunder my see fit, * * *" Subsequently, petitioner defaulted in making payments under the November 9, 1926, agreement, and thereafter his wife instituted actions against him in the Supreme Court, New York County for the State of New York, for (1) payments due for the years 1927, and 1930 through 1936, and (2) for the year 1937. In one of these actions, instituted to enforce the agreement of separate maintenance, an order was entered on May 16, 1939, directing petitioner to pay to his wife the sum of $500 per month. This *107 order was pursuant to a judgment against petitioner entered in the Office of the Clerk of the County of New York on January 12, 1939, in the sum of $8,035.23 in favor of his wife. In the other action an order was entered on June 24, 1941, directing petitioner to pay to his wife the sum of $1,000 per month. This order was entered pursuant to a similar judgment of March 29, 1941, in the sum of $15,974.20, which was unanimously affirmed by the Appellate Division of the State of New York, First Judicial Department, as reported in 263 App. Div. [N. Y.] 948. Petitioner paid to his wife or to her attorneys for her account $12,000 during 1942 and $12,000 during 1943. These payments were made pursuant to and because of the order of June 24, 1941, and the judgment of March 29, 1941, as affirmed by the Appellate Division. [Opinion] A scrutiny of the most nearly analogous cases now satisfies us that the present facts are novel only as a combination. That petitioner was legally separated from his wife by a New York separation agreement, rather than by a "decree," Robert L. Daine, 9 T.C. 47, affd. Daine v. Commissioner, 168 Fed. (2d) 449 (C.C. *108 A., 2nd Cir.) June 2, 1948, and that the payments he did make were the result of judgments or orders of a competent court for the payment of support money, Frank J. Kalchthaler, 7 T.C. 625, would neither by itself suffice to absolve the husband nor tax the wife under Internal Revenue Code sections 22 (k) and 23 (u). After careful consideration of the contentions persuasively advanced in petitioner's behalf, we are nevertheless driven to conclude that the combination equally falls short of compliance with the statute. As we said in Charles L. Brown, 7 T.C. 715, 716, an essential characteristic of deductible payments is that they discharge an obligation "under such decree" of separation, "that is, a separation consummated 'under a decree * * * of separate maintenance.'" This view has now been confirmed by the opinion on review in Smith v. Commissioner, (C.C.A., 2nd Cir.) 168 Fed. (2d) 446 (June 2, 1948 a companion case on appeal to Daine v. Commissioner, supra, decided subsequent to the hearing in this case: "Clearly the use of 'such' in the last quoted phrase has reference to the prior language, namely a separation *109 resulting 'under a decree * * * of separate maintenance'". (Emphasis added.) In sum, the legislation regards that the payments be made "under," "subsequent to" and "in discharge of" a decree of separation. There never was such a decree in this case, as petitioner fairly agrees when he says: "* * * petitioner was not divorced or separated from his wife under a decree of divorce, or of separate maintenance, within the conventional meaning of such decrees." Even if such a decree is impossible of attainment in New York, but cf. Smith v. Commissioner, supra, "Congress," to quote further from that opinion, was "persuaded * * * to limit the relief granted to those cases where a decree of legal separation had been obtained. * * * Indeed, to give a separation agreement entered into in New York this special treatment would be to defeat the uniformity intended by the Act. * * * Since, therefore, the taxpayer was not legally separted from his wife 'under a decree * * * of separate maintenance' he is not entitled to a deduction for the payments made to his wife * * *." Decision will be entered for the respondent. Footnotes
1. Pertinent by reason of the Current Tax Payment Act.↩