Isidore Goodman v. Commissioner.
Goodman v. Commissioner
Docket No. 16060.
United States Tax Court
1949 Tax Ct. Memo LEXIS 170; 8 T.C.M. (CCH) 547; T.C.M. (RIA) 49138; June 1, 1949
*170 Harold R. Prowell, Esq., for the petitioner. John A. Newton, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $615.89 in income tax for 1943. The only issue is whether the Commissioner erred in failing to allow a deduction of $2,220 under section 23 (u), I.R.C., for monthly payments of $185 made by the petitioner to his wife as required by the order of the Court after the petitioner's arrest for desertion and non-support of his wife. The facts have been stipulated. The petitioner, who resides in Harrisburg, Pennsylvania, filed his return for 1943 with the collector of internal revenue for the first district of Pennsylvania. The petitioner and his wife were married in 1914 and lived together until he left her on February 15, 1941. She filed a criminal charge of desertion and non-support against him on March 5, 1941, it was heard on March 18, 1941 in the Court of Oyer and Terminer and Quarter Sessions for Dauphin County, Pennsylvania, and the Court ordered the petitioner to pay his wife for her support $135 monthly as long as they occupied the same house, and $185 per month, semi-monthly, *171 as long as he remained away from her. He paid his wife $2,220 pursuant to the order of the Court during 1943. They are still legally married. The petitioner claims the right to deduct the $2,220 under section 23(u), I.R.C. which allows a husband described in section 22(k) to deduct amounts includible under 22(k) in his wife's gross income. Section 22(k) provides that in the case of a wife "who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree * * * shall be includible in the gross income of such wife * * *." That section was intended to apply only to persons divorced or legally separated under a decree authorizing their separation and providing for separate maintenance of the wife. The petitioner and his wife are not divorced or legally separated under a decree authorizing their separation and the payments were not made under any such decree. They were made under an order in a criminal proceeding *172 in which the petitioner was properly charged with illegal desertion and non-support of his wife. That Court has no authority to grant their legal separation and the order did not purport to do so. The statute does not mean that a deserted wife must include such payments in her income or that such a husband may deduct them from his. Frank J. Kalchthaler, 7 T.C. 625. Decision will be entered for the respondent.