## Floyd Estate (No. 2)

*William J. MacCarter, Jr.*, and *Fronefield Crawford*, for petitioner.

*Lindenmuth & Class* and *Harry Norman Ball*, for respondent.

VAN RODEN, P. J., May 2, 1951.—Decedent embarked upon two matrimonial excursions, apparently uninterrupted by any intervening divorce. Seemingly contented with this duplicitous design for living, he sought to perpetuate the duality of the arrangement after his death by naming as the coexecutrices of his will, Marie E. Conway, his daughter by his first wife, and Carolyn C. Cropper, who claims to be his second wife, but whom he designated in his will as his "dear friend". It was surely foreseeable that the mutually antagonistic regard of the executrices for each other would not be conducive to coöperation and harmony in the administration of the estate, and within the period of one year after decedent's death this court has already been called upon three times to arbitrate differences which the parties might easily have resolved themselves with but a modicum of common sense and attempted coöperation. Thus, the court was required to intervene with respect to the funeral arrangements, and was later obliged to spell out the names of the persons to whom letters testamentary were to be granted.

The latest application to the court is a request by Marie E. Conway for a citation to be directed to Carolyn C. Cropper, her coexecutrix, to show cause why she should not execute the 1949 and 1950 income tax returns of decedent, and to show cause why she should not be directed to enter into a lease for certain real estate owned by decedent, and also to show cause why she should not be directed to join in an application to the Zoning Board of Adjustment of Lower Merion Township for a variance or special exception to permit the erection of a United States Post Office building on premises owned by decedent. These issues must be considered separately.

Under the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 519, 20 PS §320.519, this court has the power to act in the event of disagreement of personal representatives. This section provides as follows:

"When a dispute shall arise among personal representatives as to the exercise or nonexercise of any of their powers and there shall be no agreement of a majority of them, unless otherwise provided by the will, the court, upon petition filed by any of the personal representatives or by any party in interest, aided if necessary by the report of a master, in its discretion, may direct the exercise or non-exercise of the power as the court shall deem for the best interest of the estate."

It should be noted, however, that while the legislature has conferred upon the court *power* to act in the event of disagreement of the personal representatives, the court is under no *duty* to act. This power *may* be exercised by the court if deemed for the best interest of the estate, but it by no means follows that in a doubtful case the court should force its own opinion upon a non-assenting fiduciary. It was surely not the intention of the legislature to install the court as a superfiduciary charged with the actual administration of the estate. Nor was it intended that the court should act in every instance of slight disagreement of personal representatives and thus permit fiduciaries to shirk their duties and avoid their responsibilities. It is rather an exceptional power to be invoked only when necessary to avoid serious consequences. Thus, any action ordered by the court in the instant case will be limited to such measure as shall be determined by the court to be necessary for the best interest of the estate and within the proper province of judicial intervention.

With respect to the 1949 and 1950 income tax returns which have been submitted to Carolyn C. Cropper for

signature, it appears that she has no objection insofar as the items of gross income and deductions are concerned, nor as to the mathematical computation of the tax, but she has refused to sign the returns for the sole reason that the 1949 return has been made out in the joint names of decedent and Agnes E. Floyd, his first wife, and the 1950 return sets forth the name of Agnes E. Floyd as the taxpayer's wife.

The filing of a joint return for 1949 will save the estate considerable expense in that the estate will be able to take advantage of the benefits to be derived from the split income provisions of the Internal Revenue Code. The fact that decedent and Agnes E. Floyd did not share the same household at the time of his death does not exclude the taxpayer from the benefits of a joint return, such exclusion being limited to a case where a taxpayer is legally separated from his spouse under a judicial decree of divorce or of separate maintenance. See Section 51 b of the Internal Revenue Code, 26 U. S. C. §51; 512 C. C. H. Standard Federal Tax Reports 454 B. 03; Kalchthaler v. Commissioner of Internal Revenue, 7 T. C. 625. It is the contention of respondent that naming Agnes E. Floyd as the wife of decedent for purposes of exemption or for the purpose of gaining the advantage of the split income provisions of the Internal Revenue Act of 1948 "would be inconsistent with the actions and way of life of decedent during his lifetime, an insufficient disclosure to the taxing authorities, and contrary to the letter and spirit of the Internal Revenue Code". In the opinion of the court, respondent's attitude in this respect is unreasonable and arbitrary, calculated to buttress her claim of the validity of her marriage rather than for the preservation of the assets of the estate. Accordingly, the court will direct her to join in the execution of the 1949 and 1950 income tax returns, as prayed for by petitioner.

With respect to the question of the leasing of premises No. 1212 Lancaster Avenue, Rosemont, Pa., it appears from the evidence that this property is presently subject to a written lease which expires on March 31, 1953; that the present tenant, Joseph Repici, occupies the premises as a bowling alley, billiard room and counter for refreshments; that the business is not prospering and he is presently in arrears in the payment of rent and is also indebted to decedent in the sum of $2,000 on a judgment note dated December 5, 1949. The lessee now has the opportunity of selling his business, provided he can secure for the purchaser an extension of the existing lease for a period of five years from the present expiration date. Petitioner is anxious to enter into this arrangement, but respondent refuses to join therein. Her reason for refusal is that the proposed lease, which would have a total of eight years to run, might seriously interfere with the possibility of procuring the highest price upon a sale of the property, and would also preclude the estate, in the event of retention of the property, from securing higher rentals at the expiration of the present term of the lease. She has concluded, therefore, that the best interest of the estate requires that the lease be not extended beyond March 31, 1953. Her position in this respect is supported by the evidence of a reputable real estate broker. Under such circumstances, the court cannot say that her decision is arbitrary, unreasonable, capricious or adverse to the best interest of the estate, and the court is unwilling to accept the responsibility of compelling a coexecutrix to exercise any power in a manner contrary to her sound business judgment and reasonable discretion. Accordingly, the request of petitioner for an order to direct respondent to join in the proposed lease extension will be refused.

Similarly, with respect to decedent's land situate on Montrose Avenue, Rosemont, Pa., where the executrices have received an offer of $3,750 for purchase of a portion thereof for the erection of a United States Post Office building, said offer being contingent upon securing a change of zoning, petitioner believes that this transaction would be to the best interest of the estate and has requested the court to direct respondent to join in the application to the zoning board of adjustment for a variance or a special exception. Respondent, on the other hand, is of the opinion that a sale of only 50 feet of ground, which is part and parcel of a larger tract owned by the estate, would probably result in a depreciation in the valuation of the remaining property to an extent in excess of $3,750. In this position, also, she is fortified by the opinion of a real estate expert. This court cannot undertake to say whether she is right or wrong. We can only say that her position is not patently arbitrary. Furthermore, it does not presently appear that the estate will suffer great loss by reason of the nonacceptance of the outstanding offer. Accordingly, the court declines to compel respondent to exercise her discretion in this matter contrary to her best judgment, and the prayer of petitioner for an order directing to join in the zoning application will be refused.

Accordingly, the court enters the following

### Order

And now, to wit, May 2, 1951, upon consideration of the petition, answer and proofs, and for the reasons hereinabove set forth, it is ordered, adjudged and decreed as follows:

1. The prayer of petitioner with respect to the 1949 and 1950 income tax returns of decedent is hereby granted, and Carolyn C. Cropper, respondent, as one of the executrices of decedent's estate, is hereby or-

dered and directed to join in the execution of the returns.

2. The prayer of petitioner with respect to the proposed extension of the lease on premises 1212 Lancaster Avenue, Rosemont, Pa., is hereby refused.

3. The prayer of petitioner with respect to the zoning application concerning premises located on Montrose Avenue, Rosemont, Pa., is hereby refused.

4. The costs of these proceedings are to be paid out of the assets of the estate.