W. L. H. Bergen v. Commissioner.
W. L. H. Bergen v. Commissioner
Docket No. 27269.
United States Tax Court
1951 Tax Ct. Memo LEXIS 99; 10 T.C.M. (CCH) 865; T.C.M. (RIA) 51272; September 19, 1951
*99 During the taxable year, petitioner made payments of $260 to his former wife under a support order issued by a competent Pennsylvania court. Held, such payments are not deductible by petitioner since they are not alimony incurred by petitioner under the divorce decree or under a written instrument incident thereto. H. Eugene Heine, Esq., 12 S. 12th St., Philadelphia, Pa., for the petitioner. Jules I. Whitman, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the year 1947 in the amount of $54.34. The sole issue is whether payments of $260 during the taxable year by petitioner to his former wife may be deducted as alimony. Findings of Fact Petitioner is an individual residing in Philadelphia, Pennsylvania. His income *100 tax return for 1947 was filed with the collector of internal revenue at Philadelphia. Petitioner was married on November 1, 1913. In 1920 he left his wife, returned to her in 1922, and left her again in 1925. As a result of proceedings initiated by petitioner's wife against petitioner in the Municipal Court of Philadelphia, Pennsylvania, the following support order was issued: "And now, January 21, 1925, the Court orders and decrees that the said defendant pay to his wife the sum of $1800 annually for the support of herself and his minor child, within named, from the 21st day of January 1925 and give security, real estate, by his own bond, to the Commonwealth in the sum of $1000 for the faithful performance of this order, pay the costs and stand committed until the order is complied with, payable semi-monthly; R. S. Brown." This order was modified on July 3, 1935, as follows: "Temporary reduction to $5 per week for support of his wife in addition to the order, defendant to pay $2 per week on account of arrears." On January 26, 1945, petitioner obtained a decree of divorce from his wife in Nevada. His wife was not present nor represented by counsel. She had been personally *101 served with a summons in Philadelphia. No mention of, or provision for, alimony was made in said divorce decree. Petitioner remarried on January 26, 1945. For many years prior to his divorce petitioner had been in arrears on the support order. Subsequent to his divorce, petitioner took a job in New Jersey. His divorced wife, on discovering this, brought him before the Municipal Court in Philadelphia. A hearing held on June 7, 1945, was adjourned until June 28, 1945. As a result of such hearing, the order of 1935 was continued, petitioner being required to pay $1,000 in satisfaction of his arrears. Petitioner never made any attempt to have the support order vacated after his divorce. Pursuant to agreement between counsel for petitioner and his former wife, the latter agreed as follows: "LAW OFFICES, LEMUEL B. SCHOFIELD, W. BRADLEY WARD, 1810 Morris Building, 1421 Chestnut Street, Philadelphia, Pa.
June 26, 1945 "Re: Bergen v. Bergen "Herbert L. Maris, Esq., 1505 Fox Building, Philadelphia
"Dear Herbert: "This will supplement our conversations about the above case. Mrs. Bergen has assured me that if her husband will pay One Thousand Dollars on or before the hearing *102 which is scheduled for June 28th, on account of the arrearages, she will permit me to state to the Court that it is agreeable to her to have the balance of the arrearages remitted. The balance would amount to approximately $950. "She has also assured me that if her husband continues to pay the order of the Court, which is Five Dollars per week, regularly thereafter, she has no desire to annoy him in any way, and will not take any steps or begin any litigation with respect to his present status. "She does, of course, reserve the right to take any action which the law accords her, should her husband fail to comply with the order of the Municipal Court. "Very truly yours, "LEMUEL B. SCHOFIELD "APPROVED, Adele K. Bergen, LBS:L" Petitioner was unaware of any such agreement until after the hearing on June 28, 1945, and the payment of $1,000. The letter was written at the request of counsel for petitioner's former wife. The latter had never threatened to contest the validity of petitioner's divorce. During the year 1947 petitioner paid $5 per week or a total of $260 to the clerk of the Municipal Court for the support of his wife in compliance with the support order. Opinion
*103 RICE, Judge: The sole issue is whether the $260 paid by petitioner during the taxable year is deductible under section 23 (u) of the Internal Revenue Code. [1] This in turn is dependent upon whether the amount is includible in the income of petitioner's former wife under section 22 (k) of the Code. [2] This Court has held that payments made under such a support order are not deductible by the taxpayer. Frank J. Kalchthaler, 7 T.C. 625 (1946). *104 The payments made by petitioner were not made under an agreement which was part of, or incident to, the divorce decree. They were made under a Pennsylvania court order requiring support of a wife rather than as payments of alimony. No mention was made in the divorce decree of such payments. The letter of June 26, 1945, stated that in return for a payment of $1,000 and a compliance with the Municipal Court order by petitioner, his former wife would forego other arrearages of about $950 and also would "not take any steps or begin any litigation with respect to his [petitioner's] present status." Petitioner was unaware of this agreement until after the hearing on June 28, 1945. It was done at the request of his former wife's counsel. Periodic payments under an agreement made subsequent to a divorce decree are not deductible under the Code. This is especially so where one of the considerations for such agreement is not to contest the validity of the divorce. Cox v. Commissioner, 176 Fed. (2d) 226 (C.A. 3, 1949). The quoted portion of the letter, while not clear, certainly indicates that the words "present status" meant the validity of the divorce and subsequent marriage. *105 This is an added reason why the payments were not deductible. Under such circumstances, the respondent did not err in refusing to allow the petitioner to deduct such payments. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * *
(u) ALIMONY, ETC., PAYMENTS. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection. ↩
2. SEC. 22. GROSS INCOME. * * *
(k) ALIMONY, ETC., INCOME. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *↩