Leo Joseph Rozek v. Commissioner.
Rozek v. Commissioner
Docket No. 51122.
United States Tax Court
T.C. Memo 1955-267; 1955 Tax Ct. Memo LEXIS 70; 14 T.C.M. (CCH) 1059; T.C.M. (RIA) 55267; September 29, 1955
Maurice Weinstein, Esq., 623 North 2nd Street, Milwaukee, Wis., for the petitioner. J. Bruce Donaldson, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: In this proceeding petitioner contests a deficiency of $232.45 in income tax for the calendar year 1950. The only question for decision is whether petitioner is entitled to dependency credits claimed in 1950 for his seven children. All of the facts have been stipulated, and are hereby found. [Findings of Fact] Petitioner is an individual, residing in Milwaukee, Wisconsin. He filed a timely individual income tax return for the calendar year 1950 with the collector of internal revenue for the district of Wisconsin. During 1950 petitioner was employed as a streetcar operator for The Milwaukee Electric Railway & Transport Co., and his income *71 from such employment was $3,407.83. He had no other income. He and his wife were married on February 6, 1937. As a result of the marriage seven children were born to them. All of the children were living and under the age of 18 years during 1950, and had no separate income for support. In October 1948, petitioner started a divorce action against his wife in the Circuit Court of Milwaukee County. After trial in 1949 his complaint for an absolute divorce was denied, but he was granted a limited divorce from bed and board. The divorce decree, dated March 3, 1949, granting the limited divorce provided, among other things, as follows: "That defendant is awarded custody of the minor children of the parties; "That plaintiff may visit with the minor children at all reasonable times; "That defendant is awarded the household furniture; "That plaintiff is to pay the sum of One Hundred Sixty-five Dollars ($165.00) per month as and for alimony and support money, payable to the Clerk of Circuit Court in semi-monthly installments of Eighty-two and 50/100 Dollars ($82.50) on the 1st and 15th days of each month, first payment to commence on February 15, 1949." Pursuant to the decree of *72 divorce petitioner, during the period from January through August 1950, paid $1,320. In September 1950, the decree of divorce was amended. The monthly payments required of petitioner for support and maintenance were reduced from $165 per month to $138 per month. Under the amendment the reduction in monthly rate was to and did commence in September 1950. The amendment also specified that of this $138, $38 was designated as alimony, and $100 was designated as support of petitioner's seven children. Pursuant to this amended decree petitioner paid $552 during the period from September 1, 1950 to December 31, 1950. During all of 1950, petitioner's children resided with their mother in a residence provided by her. During 1950 the Milwaukee County Department of Public Welfare paid $1,158 to petitioner's wife as aid to dependent children. This amount was spent by petitioner's wife in support of herself and the seven children. [Opinion] On his income tax return for 1950 petitioner claimed dependency credits for his seven children. Respondent, in lieu thereof, has allowed a deduction to petitioner, under section 23(u) of the Internal Revenue Code of 1939, in the amount of $1,472. This *73 amount comprises the $1,320 paid by petitioner to his wife pursuant to the divorce decree from January through August 1950, and $152 paid as alimony under the amended decree from September through December 1950 at $38 per month. Harsh as it may be there seems no way to avoid sustaining this deficiency. "a payment to a wife which is includible under section 22(k) or section 171 in the gross income of such wife shall not be considered a payment by her husband for the support of any dependent. "The decree of divorce involved herein provided for monthly payment to the wife for her support and maintenance and that of the children given to her care. Under sections 22(k) and 23(u) * * * the monthly payments made by the petitioner pursuant to such divorce decree constitute taxable income to the divorced wife and a deduction from gross income by the husband. Dora H. Moitoret, 7 T.C. 640." [Richard P. Prickett, 18 T.C. 872, 873, 874.] The subsequent amendment of the divorce decree did not retroactively affect the payments already made. Peter Van Vlaanderen, 10 T.C. 706, affd. (C.A. 3) 175 Fed. (2d) 389; Robert L. Daine, 9 T.C. 47, *74 affd. (C.A. 2) 168 Fed. (2d) 449. In fact the decree did not even purport to do so. Nor is there any assistance to be found in petitioner's attempt to rely on Frank J. Kalchthaler, 7 T.C. 625. The decree under which these payments were made was not one of separate maintenance as in the Kalchthaler case but, as petitioner in effect concedes, a divorce from bed and board which results in a "legal separation." It "authorizes a wife to live apart from her husband." Frank J. Kalchthaler, supra at 628. Except for the payments under the original decree, the only amount shown to have been contributed by petitioner for the support of his children was the $400 covering the months of September through December. This is so far short of the contribution to their support made by the Milwaukee County Department of Public Welfare alone that it affirmatively appears that petitioner did not furnish one-half of their support during the instant tax year. It follows that no dependency credit can be allowed for any of the children. Decision will be entered for the respondent.