John E. Clayton, Jr. v. Commissioner.
Clayton v. Commissioner
Docket No. 59554.
United States Tax Court
T.C. Memo 1957-183; 1957 Tax Ct. Memo LEXIS 60; 16 T.C.M. (CCH) 820; T.C.M. (RIA) 57183; September 30, 1957
John E. Clayton, Jr., 104 Buckner Avenue, Haddonfield, N.J., pro se. George H. Bowers, Jr., Esq., for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: This proceeding involves a deficiency in Federal income tax for the taxable year 1954 in the amount of $483.47. The sole issue for our determination is whether payments totaling $1,680 made by petitioner during the year 1954 for the *61 support of his wife and daughter are deductible by him under section 215 of the Internal Revenue Code of 1954. All facts have been stipulated and are so found. [Findings of Fact] John E. Clayton, hereinafter referred to as petitioner, filed a separate Federal income tax return for the taxable year 1954 with the district director of internal revenue at Camden, New Jersey. Petitioner and Marjorie A. Clayton were married on March 31, 1932. One child, Marjorie Elizabeth Clayton, was born of this marriage. Prior to June of 1952, petitioner and his wife and daughter resided together in Harrisburg, Pennsylvania. During the month of June 1952, petitioner and his wife agreed verbally to live apart. After June of 1952 and throughout the taxable year 1954, petitioner and his wife lived separately, petitioner residing in Haddenfield, New Jersey, and his wife and daughter residing in Harrisburg, Pennsylvania. On May 22, 1953, petitioner's wife instituted an action for "Insufficient Support of Wife and Child" in the Court of Oyer and Terminer and Quarter Sessions in and for Dauphin County, Pennsylvania. The Court by decree on June 29, 1953, ordered petitioner to *62 pay to the Nonsupport and Desertion Officer of the Court the sum of $140 per month for the support of his said wife and daughter. During the taxable year 1954, pursuant to the above-described decree for support, petitioner made monthly payments of $140, totaling $1,680. No written separation agreement has ever been entered into between petitioner and his wife. [Opinion] Petitioner seeks to deduct payments made to the Nonsupport and Desertion Officer of the Court of Oyer and Terminer and Quarter Sessions in and for Dauphin County, Pennsylvania. The sole issue for our determination is whether the payments totaling $1,680 which petitioner made for the support of his wife and daughter in 1954 are deductible by him under section 215 of the Internal Revenue Code of 1954. This in turn is expressly dependent upon whether the payments are includible in the income of petitioner's wife under section 71 of the 1954 Code. [1]
*63 Considering first subsection (a)(1) of that section, this Court has held on similar facts that payments to a wife under a support order are not deductible by the taxpayer. Frank J. Kalchthaler, 7 T.C. 625. We stated there: "The construction which must be placed upon section 22(k) [Internal Revenue Code of 1939] [predecessor to section 71(a)(1) of the Internal Revenue Code of 1954] * * * is that it relates to periodic payments made under a decree of separate maintenance to a wife who is legally separated or divorced from her husband, but that it does not apply to a decree of separate maintenance made to a wife, who is not legally separated or divorced." In Pennsylvania, jurisdiction over a proceeding for legal separation lies in the Court of Common Pleas. See Pa. Stat. Ann., tit. 23, sec. 15, (Purdon); see also Commonwealth v. Scholl, 39 A. 2d 719; and Rutherford v. Rutherford, 32 A. 2d 921. Jurisdiction over a proceeding for support as distinguished from separation with support lies in the Quarter Sessions Court. See Pa. Stat. Ann., tit. 18, sec. 4733, (Purdon). See also Carey v. Carey, 25 Pa. Super. 223 (1904). *64 In the instant case, as in Frank J. Kalchthaler, supra, the action was brought in the Quarter Sessions Court, the Docket Entry shows that the parties to the proceeding are "Commonwealth v. John Edward Clayton," that the charge is "Insufficient Support of Wife and Child," and the order was one of support only. The order provided that petitioner should pay to the Nonsupport and Desertion Officer of the Court $140 per month for the support of his wife and daughter. The Pennsylvania Court did not make a finding concerning the legality of the separation. In John B. Keleher, 25 T.C. 1154 (1956), we stated: "It is clear to us that such decrees merely enforce the family obligation of support on the part of the husband arising through the marital relationship where a separation or desertion has taken place in fact and not where the right to separation has been determined by judgment or decree. * * *" Inasmuch as petitioner and his wife were not divorced or legally separated during the year 1954, the amounts paid pursuant to the above support order are not includible in her gross income under section 71(a)(1). The alimony provision, section 22(k) of the Internal *65 Revenue Code of 1939, was amended in 1954 to include two new subsections, 71(a)(2) and 71(a)(3). The question remains as to whether petitioner's payments are includible in the gross income of his wife under either of these provisions. Section 71(a)(2) pertains to periodic payments made pursuant to a written separation agreement. Since petitioner and his wife did not execute a written separation agreement, this subsection is clearly inapplicable. Section 71(a)(3) relates to decrees for support and provides that where a wife receives periodic payments from her husband under such a decree entered after March 1, 1954, such payments will be includible in the gross income of the wife. This subsection is also inapplicable because this decree for support was entered by the Pennsylvania Court prior to March 1, 1954. In view of the above, we find it unnecessary to decide whether the fact that petitioner's payments in this case were for the support of his daughter as well as his wife invokes the exclusion of section 71(b). We must hold that the payments are not includible in the wife's gross income under section 71(a)(1), (2) or (3) and therefore that petitioner is not entitled to the deduction *66 claimed under section 215. Decision will be entered for the respondent. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise. in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1. 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩