Thomas A. Walston v. Commissioner.
Walston v. Commissioner
Docket No. 60636.
United States Tax Court
T.C. Memo 1958-138; 1958 Tax Ct. Memo LEXIS 89; 17 T.C.M. (CCH) 714; T.C.M. (RIA) 58138; July 16, 1958
*89 Petitioner and his wife were not divorced or legally separated under a decree of divorce or separate maintenance, or separated under a separation agreement executed after the date of the enactment of the applicable title of the Code of 1954. The payments for alimony or support here in question, which were made in 1954, were not made by petitioner or received by his wife under a decree entered after March 1, 1954. Held, that the payments in question are not allowable as a deduction to petitioner. Clyde W. Chapman, Esq., Atlanta National Building, Atlanta, Ga., for the petitioner. Sanford P. Keziah, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined a deficiency of $338.02 in petitioner's income tax for the year 1954. The sole question for our consideration is whether or not payments made by petitioner to his wife in 1954 for alimony or support, pursuant to a decree of court entered in 1950, are deductible by petitioner under the provisions of sections 71(a)(1), (2), or (3), and 215 of the Code of 1954. All of the facts are stipulated and are incorporated herein by reference. The petitioner, Thomas A. Walston, is a resident of Atlanta, Georgia. *90 Petitioner filed an individual income tax return, Form 1040, for the taxable year ending December 31, 1954, with the district director of internal revenue at Atlanta, Georgia. On June 7, 1950, a decree was entered in the Superior Court, Fulton County, Georgia, in a proceeding for divorce entitled Thomas A. Walston v. Mrs. Ozella Walston, Docket No. A-17072, the provisions of which are as follows: "DECREE OF COURT "The jury having found the following verdict: 'It is the verdict of the jury that the Plaintiff be denied a divorce. That alimony be granted the Defendant of ($20.00) Twenty Dollars per week for herself and Six Dollars ($6.00) per week for each dependent child until he has reached the age of 21 years. Provided should either child die or marry before reaching the age of 21 years, his alimony shall cease. That the Plaintiff's one half undivided interest in the said realty remain in his name and that he pay all taxes, insurance and monthly notes on such realty. That title and possession of all household effects in said home be granted the Defendant. Payment of the above granted alimony shall start as of June 12th, 1950. June 6th, 1950 H. Russell Deal Foreman' "It is therefore *91 considered, ordered, adjudged and decreed, that the said verdict of the jury be made the decree of the Court. "It is further ordered, adjudged and decreed, that the defendant shall have the permanent custody of the two minor children named in the petition. The plaintiff shall have the right to visit said children at their home at any time during reasonable hours and he shall have the right to have said children with him away from said home during daytime on Sundays but not at such time as to interfere with their attendance of Sunday School and Church. "It is further ordered, adjudged and decreed, that the Temporary injunction of February 14th, 1950, which restrains the defendant from calling plaintiff at his place of employment or from calling plaintiff's employer or interfering with petitioner in any manner, is made permanent. "Costs of this proceeding is taxed against the defendant. "This the 7th day of June 1950. "/s/ Ralph H. Pharr Judge, Superior Court, Atlanta Judicial Circuit" "/s/ Frank A. Bowers Attorney for Defendant." Pursuant to the said decree, the petitioner, during the taxable year ending December 31, 1954, paid the sum of $20 per week, a total of $1,040, to Ozella Walston *92 for her individual support. Petitioner urges that the payments in question are deductible by him under the provisions of sections 71(a)(1) [1] *93 and 215 [2] of the Code of 1954. It is clear that petitioner is entitled to a deduction *94 under section 215 only if the payments made by him in the taxable year are includible under section 71 in the gross income of his wife. Under section 71(a)(1), payments by the husband are includible in the wife's gross income only if the wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance. The decree in the instant case expressly denies a divorce, and contains no provision for legal separation. A similar issue was presented to us in John B. Keleher, 25 T.C. 1154 (1956), a case arising under section 22(k), Internal Revenue Code of 1939, in which the significant language is the same as that contained in section 71(a)(1). In the Keleher case, the taxpayer's wife filed suit for a limited divorce and/or maintenance. The taxpayer filed an answer and counterclaim praying for a divorce a mensa et thoro. The wife's complaint was dismissed; a motion by the taxpayer to dismiss his counterclaim was granted; and the taxpayer was ordered to pay his wife maintenance in the amount of $100 per week. In denying a deduction to the taxpayer for payments pursuant to this judgment, we said (p. 1158): "In order that periodic payments of separate maintenance *95 be includible in the income of a wife and deductible from that of the husband, they must be imposed upon the husband by virtue of a decree of separate maintenance which has the legal effect of sanctioning or legitimizing the living apart of a husband and wife. Frank J. Kalchthaler, 7 T.C. 625; Charles L. Brown, 7 T.C. 715. * * *" Later, on the same page, we added: "It is clear to us that such decrees merely enforce the family obligation of support on the part of the husband arising through the marital relationship where a separation or desertion has taken place in fact and not where the right to separation has been determined by a judgment or decree. * * *" Again, in Frank J. Kalchthaler, 7 T.C. 625 (1946), we said (p. 628): "The construction which must be placed upon section 22(k) with respect to the question presented here is that it relates to periodic payments made under a decree of separate maintenance to a wife who is legally separated or divorced from her husband, but that it does not apply to a decree of separate maintenance made to a wife, who is not legally separated or divorced. "An action for separate maintenance is not an action for legal separation, generally speaking. *96 The object of the former is to compel a husband to provide support, and the decree of separate maintenance and/or support does not expressly authorize the wife to live apart from her husband. On the other hand, a decree of separation from bed and board authorizes a wife to live apart from her husband. * * *" See also Herman Borax, 30 T.C. - (filed June 30, 1958). In the light of the expressions in the cases from which we have quoted above, we think it is obvious upon the face of the decree entered by the Georgia court that neither a divorce nor a legal separation was granted. It follows that the payments are not taxable to the wife under section 71(a)(1) or deductible by the husband under section 215. Petitioner relies upon Tuckie G. Hesse, 7 T.C. 700 (1946). The issue in that case has no relationship to the problem here presented. In Hesse, an absolute divorce was granted, and the only issue was whether or not a written agreement of the parties providing for payments to the wife was incident to the decree. For completeness, we add that the provisions of sections 71(a)(2) and 71(a)(3) contain no support for petitioner's position since there is no evidence or suggestion that a written *97 separation agreement was entered into by the parties before or after the date of the enactment of the applicable provisions of the Code of 1954, and the decree for support, as above set forth, was entered long prior to March 1, 1954. Decision will be entered for the respondent. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.↩