SALLY HAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hand v. Commissioner
Docket No. 6118-71.
United States Tax Court
T.C. Memo 1972-228; 1972 Tax Ct. Memo LEXIS 29; 31 T.C.M. (CCH) 1125; T.C.M. (RIA) 72228; November 14, 1972, Filed Francis C. Hand, for the petitioner. Curtis W. Berner, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the years 1967 and 1968 in the amounts of $540.79 and $762.27, respectively, and an addition to tax of $27.04 under section 6653(a), Internal Revenue Code of 1954[1] for the year 1967. The addition to tax having been conceded by respondent, the only issue presented for decision is whether payments received by the petitioner from her husband pursuant to a "Judgment of Separation" are taxable to *30 her as separate maintenance payments under section 71(a) of the Code. This case was submitted by the parties under Rule 30, Tax Court Rules of Practice. All the facts have been stipulated. We adopt the stipulation and exhibits attached thereto as our findings. The pertinent facts are summarized below. Sally Hand (herein called petitioner) filed her Federal income tax returns for calendar years 1967 and 1968 with the district director of internal revenue, New York, New York. At the time of filing her petition herein the petitioner was a legal resident of Yonkers, New York. In each of the years 1967 and 1968 the petitioner received from her husband, Frank Hand, periodic payments in the amount of $1,800. These payments were made pursuant to a Judgment of Separation, dated and filed in 1947. The Judgment of Separation can be paraphrased as follows: The cause was brought by plaintiff-wife "for a judgment of separation granting the plaintiff separation from the bed and board of the defendant [husband] * * * and compelling the defendant to provide means for the support of the plaintiff and the support and separate maintenance of the infant issue of the marriage." The Official Referee *31 decided that the plaintiff-wife was entitled to a judgment separating her from the bed and board of the defendant-husband and granted the plaintiff $150 per month for her support and the support and maintenance of the child of the marriage. The Supreme Court of New York State, County of Bronx, ordered, adjudged, and decreed that the report and findings of the Official Referee were confirmed; that the plaintiff "shall have a judgment of separation;" and that the defendant shall pay $150 per month as support of the plaintiff and support and maintenance of the child. Petitioner did not report the payments as a part of her gross income on her Federal income tax returns for 1967 and 1968. Respondent determined in his statutory notice of deficiency that the amounts petitioner received from her husband were taxable as separate maintenance payments. Section 71 pertains to alimony and separate maintenance payments. Subsection 71(a)(1) provides that if a wife is legally separated from her husband under a decree of separate maintenance, the wife's gross income includes periodic payments received after such decree in discharge of a legal obligation which is imposed on the husband under the *32 decree. Subsection 71(a)(3) provides that if a wife is separated from her husband, the wife's gross income includes periodic payments received by her after the date of enactment of this title (August 16, 1954) from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. There is no doubt that the payments in question would be taxed to the petitioner if the decree had been entered after March 1, 1954. The problem is that the decree falls outside section 71(a)(3) and, therefore, we must decide whether section 71(a)(1) applies, i.e., whether the payments are separate maintenance payments (see section 71(a)(1)) or so-called support payments (see section 71(a)(3)). For a discussion of the histories of these sections, see 5 Mertens, Law of Federal Income Taxation, sec. 31A.01, pp. 2-11. Petitioner contends that the Judgment of Separation, which we have paraphrased above, is divisible into a judgment and decree of separation and a judgment and decree of support and that the payments were received as support payments under the judgment and decree of support. And since section 71(a)(3) is inapplicable due to the *33 dates involved, the support payments are not includable by the petitioner in her gross income. Respondent disputes petitioner's characterization of the Judgment of Separation, while pointing out that all the elements necessary for the application of section 71(a)(1) are present. We hold for the respondent on the factual ground that the Judgment of Separation is a decree of separate maintenance and that the periodic payments were made pursuant thereto. We see no reason to divide the judgment along the lines suggested by the petitioner. The judgment simply does not read that way. [2] See and compare Frank J. Kalchthaler, 7 T.C. 625 (1946). Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The parties have cited and discussed the case of Gertrude Louise Ashforth, T.C. Memo. 1961-140↩, which is similar to and consistent with the conclusion reached herein.