JOHN B. KELEHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53323. Filed January 26, 1956.

*Ward H. Oehmann, Esq.,* for the petitioner.
*A. Russell Beazley, Esq.,* for the respondent.

WITHEY, *Judge:* The issue for our decision depends upon (1) whether or not the judgment of the District Court, dated February 9, 1949, provided for the payment by petitioner to his wife of periodic payments under a decree of "separate maintenance" within the meaning of that term as it is employed in section 22 (k) of the Internal Revenue Code of 1939, and (2) whether a judgment of the District Court rendered on March 10, 1950, granting petitioner an absolute divorce provided for the payment by him to his wife of installment payments to discharge a part of a principal lump sum, as contended by respondent, or, as petitioner contends, such payments were alimony within the meaning of section 22 (k) and deductible as such under section 23 (u).

Determination of the first question depends upon whether the first judgment here involved was a decree of "separate maintenance" under section 22 (k), for, unless amounts paid under that judgment are includible in the income of Anna, they may not be deducted under section 23 (u). Such payments were periodic payments and were designated in the District Court's judgment as separate maintenance but this is insufficient to render them includible in the income of Anna. In order that periodic payments of separate maintenance be includible in the income of a wife and deductible from that of the husband, they must be imposed upon the husband by virtue of a decree of separate maintenance which has the legal effect of sanctioning or legitimizing the living apart of a husband and wife. *Frank J. Kalchthaler*, 7 T. C. 625; *Charles L. Brown*, 7 T. C. 715. Clearly the judgment of February 9, 1949, which was a final judgment not appealed from, expressly denied Anna's application for the only relief she had prayed for, which, if granted, would have rendered the payments here involved deductible from the income of petitioner as periodic payments made under a decree of separate maintenance. That relief, denied by the court, was for a limited divorce *a mensa et thoro.* The latter term is synonymous with the term "legal separation." *Maschaur* v. *Maschaur*, 23 App. D. C. 87. The relief prayed for by Anna, granted by the court on the basis of which grant petitioner here seeks a deduction, was for support money *even though the separation of the parties was not sanctioned by a decree or judgment of limited divorce.* It is clear to us that such decrees merely enforce the family obligation of support on the part of the husband arising through the marital relationship where a separation or desertion has taken place *in fact* and not where the *right* to separation has been determined by a judgment or decree. Thus viewed the instant payments have the same character under section 22 (k) as payments made

under orders arising through quasi-criminal actions for nonsupport and desertion.

Petitioner contends that we are bound by the "Judgment on Remand" of the District Court, entered February 20, 1953, insofar as it is there determined "That said parties were legally separated by decree entered herein February 9, 1949 in Civil Action 1296-47." We are not in accord with this contention because the "Judgment on Remand" had not been entered by the close of either year at issue here. Tax liabilities are to be determined on the basis of an annual accounting and we are for that reason limited in our consideration of the issue here presented to the District Court's judgments or decrees which were in force at the close of each of the years at issue. Clearly the retroactive effect of the latter judgment upon the first decree, if any, cannot bind us in our interpretation of the Internal Revenue Code. The language of the Court of Appeals for the Second Circuit in affirming (168 F. 2d 449) the decision of this Court in *Robert L. Daine*, 9 T. C. 47, with respect to State court decisions has equal applicability with respect to decisions of the District Court of the District of Columbia in divorce cases.

Although such a decision of the state court may bind the parties in the settlement of their legal rights between themselves, yet the determination of tax consequences is not to be so resolved. The decision of a state court might well turn on elements of estoppel, laches, acceptance of benefits, rights of third parties, and other incidents of a decisive nature as to them, but in no proper sense to be held prejudicial to the federal revenue. Hence it is clear that the retroactive judgments of state courts do not determine the rights of the Federal Government under its tax laws. * * * [*Daine* v. *Commissioner*, 168 F. 2d 449, 451.]

It is held that amounts paid Anna by petitioner in both years here involved under the District Court's judgment of February 9, 1949, are not deductible under section 23 (u).

With respect to amounts sought to be deducted which were paid under the decree of March 10, 1950, petitioner makes no contention that the decision of the Court of Appeals for the District of Columbia in *Keleher* v. *Keleher*, *supra*, or the Judgment on Remand of the District Court of the District of Columbia, entered in accordance therewith, have any bearing. For reasons above referred to we are in accord. Deductibility of those payments are to be determined on the basis of that judgment alone.

It seems obvious to us that deduction of payments made under the March 10, 1950, judgment is expressly prohibited by section 22 (k), for it is there clearly provided that "Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection."

The court had made a division of petitioner's property in granting him a divorce. It was this division by the District Court of petitioner's property without a finding of an element of ownership therein on the part of Anna which the Court of Appeals in *Keleher* v. *Keleher, supra,* held to be erroneous. The weekly payments were decreed to be due Anna in order to effectuate the division of property. They were to apply, at the expiration of the 6-months interlocutory period of the divorce judgment, upon the total sum of $60,000, which was found by the court to be the remaining and unpaid portion of Anna's share of petitioner's property. It necessarily follows that such payments were not deductible from the income of petitioner under section 23 (u).

Because of certain uncontested adjustments

*Decision will be entered under Rule 50.*