Robert L. Rankin v. Commissioner.
Rankin v. Commissioner
Docket No. 63379.
United States Tax Court
T.C. Memo 1958-118; 1958 Tax Ct. Memo LEXIS 107; 17 T.C.M. (CCH) 640; T.C.M. (RIA) 58118; June 26, 1958
John A. Reilly, Esq., for the petitioner. George H. Bowers, Jr., Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Deficiencies in the income tax of petitioner for the years 1952, 1953 and 1954 have been determined by the Commissioner in the respective amount of $5,367.20, $3,576.95 and $3,838.33. The issue for our decision is whether petitioner is entitled to deduct for each year at issue the amount of $6,500 which represents the sum of periodic payments made each year to his wife for her support and maintenance under a court order. *108 Other issues raised by the pleadings have been conceded by the petitioner. [Findings of Fact] This case has been submitted in its entirety upon a stipulation of facts which facts are accordingly found. Petitioner was, during each of the years at issue, married to Bessie N. Rankin. For each year each filed a separate individual income tax return with the director at Philadelphia, Pennsylvania. No divorce proceedings are now pending between petitioner and his wife and none has ever been instituted between them. They have been married since October 2, 1919. Bessie left petitioner August 16, 1951, and has not since lived with him. On October 19, 1951, Bessie instituted suit against petitioner for her support and maintenance. The suit was brought in The Court of Quarter Sessions of the Peace in and for Delaware County, Pennsylvania, under the Act of June 24, 1939, P.L. 872, sec. 733, Pa. Stat. Ann., tit. 18, sec. 4733. On the same date the court issued its order for support ordering petitioner to pay Bessie $125 per week for her support and maintenance. Petitioner appealed from the order to the Superior Court of Pennsylvania, which court, on April 16, 1952, affirmed the order *109 of the lower court. Petitioner thereupon filed a petition for the allowance of an appeal with the Supreme Court of Pennsylvania, which court in a "per curiam" opinion dismissed his petition. During each of the years at issue, however, petitioner continued to make weekly payments of $125 to Bessie in pursuance of the original court order. No separation agreement, either written or oral, has ever existed between petitioner and his wife. In his income tax return for each of the years at issue, petitioner has deducted $6,500 as the sum of weekly payments so made to his wife. Respondent has disallowed such deduction with respect to each year. His claim for deductibility of the payments is based upon a contention that the payments represent moneys includible in the income of Bessie under section 22(k) of the Internal Revenue Code of 1939 and section 71(a)(1) of the 1954 Code and therefore deductible by him under section 23(u) of the 1939 Code and section 215(a) of the 1954 Code. He contends the order for support issued by the Quarter Sessions Court is a determination by that court that the parties to that action were legally separated and that the payments made by him in pursuance *110 thereof, being in discharge of his marital obligation to support his wife, are statutorily deductible. [Opinion] In John B. Keleher, 25 T.C. 1154, in considering the effect of a similar order of another court, we used the following language which is apt in the instant case: "It is clear to us that such decrees merely enforce the family obligation of support on the part of the husband arising through the marital relationship where a separation or desertion has taken place in fact and not where the right to separation has been determined by a judgment or decree. * * *" In Frank J. Kalchthaler, 7 T.C. 625, we had before us the identical issue here presented. We there determined that orders for support by the Quarter Sessions Courts of the Peace in Pennsylvania do not constitute the "decree of separate maintenance" referred to in section 22(k) and therefore found for respondent. Petitioner, in effect, asks us to overrule that case and others following it. No reason to do so is here presented. Decision will be entered for the respondent.