CHARLES M. HENDRICKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 65085, 65086.   Filed September 30, 1958.

*Clarence Steele Bowen, Esq.*, for the petitioner.
*Jack D. Yarborough, Esq.*, for the respondent.

MULRONEY, *Judge:* The respondent in these consolidated cases determined deficiencies in petitioner's income tax for the years 1954 and 1955 in the respective amounts of $334.21 and $355.71.

The only issue in the case is the deductibility of payments petitioner made to his wife pursuant to a court order entered in the wife's action against petitioner for separate maintenance and support.

FINDINGS OF FACT.

Some of the facts were stipulated and they are found accordingly. Petitioner and his wife, Elizabeth Hendricks, were married in 1915.

---

## 1304

In the spring of 1947 petitioner moved out of their home and has lived alone since that time. Elizabeth brought an action against petitioner in the County Court of Greenville County, South Carolina, which resulted in a court order dated May 20, 1950, the pertinent parts of which are as follows:

The plaintiff brings this action against the defendant for separate maintenance and support. She alleges that the defendant, without just cause and excuse, abandoned and deserted her on April 23, 1949, and since that time has contributed nothing to her maintenance and support.

The defendant pleads justification on account of the alleged nagging, abuse and neglect of the plaintiff. He seeks, by way of counterclaim, a decree of permanent separation relieving him of all responsibility for the maintenance of his wife, the plaintiff. The defendant prays for an accounting and settlement of a one-half interest in the home place and bank account of some seven thousand dollars standing in the plaintiff's name, on the theory of trust and community of interest. In the latter connection, he alleges that both represent accumulations contributed by him. He also seeks the recovery of certain insurance policies in the possession of the plaintiff.

The plaintiff, in reply to the counterclaim, denies the right of the defendant to a decree of permanent separation relieving him of the support and maintenance of her and the recovery of said insurance policies. She further denies any interest of the defendant in the home place, or bank account, and further pleads condonation, laches, and the statutes of limitations on the part of the defendant.

A number of hearings were held from time to time. The plaintiff made out a prima facie case upon her showing of the marriage in 1915 and the abandonment of her by the defendant in 1949, since which time he has contributed nothing to her maintenance. Thereupon, the burden of justification for such failure devolved upon the defendant.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The testimony offered by the defendant in those respects was not convincing in opposition to that offered by the plaintiff, the two children and the child of a relative reared in the home. But, were it otherwise, the matters of which the defendant complains would hardly be sufficient to relieve him of the marital obligation to sustain his wife. \* \* \*

The converse, or corollary of that rule should obtain. It is difficult to see how like conduct on the part of the wife could justify the husband in abandoning and failing to support her. Of course, no law would compel the defendant to reside with the plaintiff against his wishes, but, for the reason stated, it is my judgment that he should provide the reasonable necessities for her maintenance.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The home is still there; the plaintiff does not seek to exclude him from the home or the family. He withdrew voluntarily.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Finally, the defendant himself, by way of affirmative relief, seeks a decree of permanent separation absolving him from the duty of maintaining and supporting his wife. But, for reasons already assigned in connection with the plaintiff's claim for alimony and support and maintenance, the relief sought by the defendant in this connection is denied.

It appears that at the present the defendant has a net earning capacity of $260.00 per month, that being the amount realized by him from the Postoffice

after payment of all deductions. Accordingly, it is my judgment that the defendant should contribute $110.00 per month for the maintenance and support of his wife. It is, therefore,

ORDERED That the defendant do pay unto his wife, the plaintiff herein, the sum of $110.00 per month, the first payment to be made on the first day of June, 1950, and to continue thereafter in monthly succession until the further order of this Court.

\* \* \* \* \* \* \*

*May 20th, 1950*

/s/ W. B. McGowan
W. B. McGOWAN
*County Judge.*

Monthly payments of $110.00 reduced to $100.00 beginning Feb. 1, 1951.

/s/ W. B. McGowan, *C. J.*

Pursuant to the above court order, the petitioner paid his wife $825 in 1954 and $1,200 in 1955.

In his income tax returns for the years 1954 and 1955 the petitioner deducted as alimony the respective sums of $825 and $1,200. The respondent has disallowed these deductions.

### OPINION.

Petitioner contends he is entitled to the deductions for payments to his wife pursuant to a court decree, under section 215.[1] He is entitled to the deductions under said section if said payments were, as stated in said section "amounts includible under section 71 in the gross income of his wife." Section 71 (a) (1) provides, in part:

If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments \* \* \* received after such decree in discharge of \* \* \* a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

The only question in this case is whether petitioner's wife was legally separated from him under a decree of separate maintenance. This involves an interpretation of the court order of May 20, 1950, the pertinent portions of which we have set forth in our Findings of Fact.

As we read the order it merely provides for the enforcement of petitioner's marital obligation to support his wife. It expressly denies petitioner's prayer for the affirmative relief of "a decree of permanent separation absolving him from the duty of maintaining and supporting his wife." The order indicates the wife sought no decree of separation. It recognized that the parties were living apart but this was because petitioner voluntarily and without just cause withdrew from the home. It points out that the wife "does not seek to exclude him [petitioner] from the home or the family." This order

---

[1] All section references are to the Internal Revenue Code of 1954.

was granted upon the affirmative pleading of the wife which the order indicates sought nothing more than provision for the reasonable necessities for her maintenance. She did not seek or obtain legal separation. Petitioner sought legal separation and did not obtain it. The order is nothing more than a support order similar to the orders before us in *John B. Keleher*, 25 T. C. 1154, and *Frank J. Kalchthaler*, 7 T. C. 625. The amounts paid pursuant to the order were not includible in the wife's gross income under section 71 (a) (1) and hence not deductible under section 215.

*Decisions will be entered for the respondent.*

