Gertrude Louise Ashforth v. Commissioner.
Ashforth v. Commissioner
Docket No. 80212.
United States Tax Court
T.C. Memo 1961-140; 1961 Tax Ct. Memo LEXIS 214; 20 T.C.M. (CCH) 702; T.C.M. (RIA) 61140; May 17, 1961
Gertrude Louise Ashforth, pro se, 11 E. 63rd St., New York, N. Y. Paul D. Barker, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's income tax for the year 1957 in the amount of $1,648 and an addition thereto under section 6651(a) of the Internal Revenue Code of 1954[1] in the amount of $412. Respondent has now conceded the addition, and the only issue remaining is whether petitioner received $8,400 in 1957 under a decree effectuating a legal separation. Findings of Fact Petitioner is an individual residing in New York, New York. She filed no Federal income tax return for the year 1957. On February 8, 1954, petitioner *215 secured a judgment of separation from her husband, Albert Blackhurst Ashforth, Jr., in a Special Term of the Supreme Court of New York. Said judgment provided as follows: At a Special Term, Part V, of the Supreme Court of the State of New York, held in and for the County of New York, at the County Court House, Pearl and Centre Streets, in the Borough of Manhattan, City of New York, on the 8 day of February, 1954. PRESENT: HON. EDGAR J. NATHAN, JR., JUSTICE. … x GERTRUDE LOUISE ASHFORTH, Plaintiff, against ALBERT B. ASHFORTH, JR., Defendant. … x Judgment of Separation. Index No. 30799-1953. The plaintiff above named having brought this action against the defendant for a judgment of separation upon the grounds of inadequate support, cruel and inhuman treatment and abandonment, and the defendant having interposed an answer, together with a counterclaim for a separation on the grounds of abandonment and cruel and inhuman treatment, and the case having regularly come on for trial before this Court at a Special Term, Part V thereof, on the 4th, 5th and 6th days of January, 1954, the parties having duly appeared in person by their respective counsel, * * * and the parties *216 and the witnesses having testified and the Court having heard and considered their proofs and allegations and after due deliberation, the Court having rendered a decision in writing, dated February 8, 1954, and further separately stating findings of fact and conclusions of law, directing judgment in favor of the plaintiff for a separation from the bed and board of the defendant forever, on the ground of abandonment, and for a dismissal on the merits, of the defendant's counterclaim, NOW, on motion of * * *, attorneys for the plaintiff, * * * it is ORDERED, ADJUDGED AND DECREED, that the plaintiff, Gertrude Louise Ashforth, be and she hereby is separated from the defendant Albert B. Ashforth, Jr., his bed and board forever, as prayed for in the complaint, upon the ground of the abandonment of said plaintiff by the said defendant; and it is further ORDERED, ADJUDGED AND DECREED, that the counterclaim interposed by the defendant herein, for a separation from the bed and board of the plaintiff forever, be and the same hereby is dismissed on the merits, and it is further ORDERED, ADJUDGED AND DECREED, that the defendant pay to the plaintiff, the sum of Seven Hundred ($700.00) Dollars *217 per month, as and for her support and maintenance, said payments to commence from the 6th day of January, 1954, and monthly thereafter, * * * Albert filed an appeal from this decree, but withdrew it within 30 days. Petitioner filed a cross-appeal asking for a higher allowance and for increased attorney fees, but did not appeal from that part of the judgment decreeing separation. The crossappeal has been neither prosecuted nor withdrawn. After the autumn of 1954, petitioner did not see Albert again. He died in January 1958. Pursuant to the February 8, 1954, decree, petitioner received periodic payments in 1957 in the total amount of $8,400. Respondent determined that this amount represented taxable alimony income. Opinion As is too often true when a taxpayer is his own advocate, the legal argument of petitioner is unclear. Despite her failure to file a brief and the rambling nature of her testimony, we believe her position to be that the payments were support payments under a decree dated prior to the effective date of section 71(a)(3), [2] and are therefore not taxable to her. *218 This Court has decided a series of cases in which we found no legal separation but merely a decree of support and maintenance, which, if entered prior to March 1, 1954, resulted in no taxation to the wife of payments made thereunder. Respondent distinguishes the results of these and similar cases by claiming that petitioner obtained a legal separation, and that support payments pursuant to that decree are taxable income to her under section 71(a)(1). [3]
In John B. Keleher, 25 T.C. 1154 (1956), we defined a legal *219 separation (p. 1158): In order that periodic payments of separate maintenance be includible in the income of a wife and deductible from that of the husband, they must be imposed upon the husband by virtue of a decree of separate maintenance which has the legal effect of sanctioning or legitimizing the living apart of a husband and wife. * * * And in Russell W. Boettiger, 31 T.C. 477 (1958), we added (p. 483): The term "sanctioning or legitimizing" indicates that a court decree, in order to be construed as one that effectuates a "legal separation," must expressly and affirmatively provide that the parties live apart in the future, and thereby alter the original and normal marital relationship. We agree with respondent. Although petitioner testified that she intended to get only support and maintenance and did not know she had obtained a separation decree, the "JUDGMENT OF SEPARATION Index No. 30799," supra, is susceptible of but one interpretation, which is that it made petitioner legally separated from Albert. Therefore, periodic payments received thereunder in discharge of Albert's legal obligation to support petitioner are taxable to her under section 71(a)(1). *220 Petitioner has not shown that the decree of February 8, 1954, was not final, and her cross-appeal, even if successful, could only increase Albert's payments and would not alter the separate status of the spouses. Because of respondent's concession of the section 6651(a) addition, Decision will be entered under Rule 50. Footnotes
1. All Code references are to the Internal Revenue Code of 1954.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * *
(3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after [August 16, 1954] the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩