DAVID G. LEGGET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89689. Filed March 25, 1963.

*M. Francis Bravman, Esq.*, for the petitioner.
*Arnold Y. Kapiloff, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The Commissioner has determined deficiencies in petitioner's income tax for the years 1954 and 1955 in the amounts of $3,596.84 and $1,862.54, respectively. The deficiencies result from adjustments made to the income reported on petitioner's returns for the taxable years. The adjustments are explained in the deficiency notice as follows:

(a) It is held that the amounts of $6,500.00 and $6,625.00 for the years 1954 and 1955, respectively, claimed as alimony payments to your former wife, Mrs. Clarice W. Legget, do not constitute deductions allowable under the provisions of section 215 of the Internal Revenue Code of 1954.

---

[13] 52.09 percent of $196,622.56.

Petitioner concedes that of the amount of $6,500 paid in 1954, $500 was paid prior to the decree of the court and therefore that amount was not deductible as alimony paid to the wife. Also, the following oral stipulation was entered into at the hearing:

that the petitioner, in his taxable year 1954, is entitled to other itemized deductions from his adjusted gross income, and that these deductions are: contributions, $500; interest expense, $13,500; taxes, $400, or a total of $14,400 additional deductions in that year.

Effect will be given under Rule 50 to these concessions made at the hearing.

A written stipulation of facts, together with exhibits attached thereto, was filed at the hearing and is incorporated herein by this reference. The following statement of facts taken from the written stipulation will suffice for a discussion of the only issue which remains for us to decide:

Petitioner David G. Legget is an individual and resided during the taxable years 1954 and 1955 at Palm Beach, Fla. He filed his original separate income tax returns for the years 1954 and 1955 and amended separate income tax return for the year 1955 on a calendar year basis with the district director of internal revenue, Upper Manhattan, N.Y. For the calendar year 1954, petitioner reported adjusted gross income of $37,127.25 and deductions of $31,130 but, in computing his taxable income, he deducted in error only $16,730. Petitioner is entitled to the following additional deductions:

| | |
|---|---|
| Contributions | $500.00 |
| Interest | 13,500.00 |
| Taxes | 400.00 |
| Total | $14,400.00 |

Petitioner deducted from adjusted gross income on his income tax return for the year 1954 the sum of $6,500 he paid to his wife, Clarice, during said year, of which amount $6,000 was paid pursuant to the decree of the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Martin County, hereinafter called the Circuit Court, dated February 1, 1954. Petitioner deducted from adjusted gross income on his original and amended income tax returns for the year 1955 the sum of $6,625 paid to Clarice during said year pursuant to the Circuit Court's decree. Clarice did not include any of the above payments in her gross income for either 1954 or 1955.

From and after August 30, 1952, petitioner and Clarice have continuously lived separate and apart from each other. Petitioner instituted a proceeding in the Circuit Court on April 9, 1953, for a decree from the court granting him a divorce *a vinculo* from Clarice. Clarice counterclaimed in the proceeding praying the court to grant her "alimony unconnected with divorce." On February 1, 1954, the

Circuit Court entered a final decree and dismissed petitioner's bill of complaint for a divorce *a vinculo* but granted Clarice the relief she requested in her counterclaim, namely:

ORDERED, ADJUDGED AND DECREED:

The Court finds that the plaintiff is a legal resident of the State of Florida and this Court has jurisdiction of the parties and the cause.

\* \* \* \* \* \* \*

The Court further finds that the adultery alleged by defendant against plaintiff in Counterclaim and denied by plaintiff, has been amply sustained by the evidence. The plaintiff is hereby found to be guilty of adultery \* \* \*

The Court further finds that the defendant's allegation of extreme cruelty as made in Counterclaim has been sustained by proof \* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's prayer for alimony unconnected with divorce is hereby granted.

The plaintiff is hereby ordered to pay to defendant the sum of One Hundred Twenty-five ($125.00) Dollars per week until the further order of this Court.

It is petitioner's contention that under section 215 of the 1954 Code he is entitled to the deduction of alimony which he paid to Clarice in 1954 and 1955 pursuant to the decree of the court of February 1, 1954. It is respondent's contention that the payments so made are not deductible. In his determination of the deficiencies he has held that the payments "do not constitute deductions allowable under the provisions of section 215 of the Internal Revenue Code of 1954." The parties are in agreement that if petitioner's application for a divorce had been granted and the decree included a provision for alimony to Clarice, it would be deductible when paid. But petitioner's application for a divorce was not granted. On the contrary, Clarice's counterclaim was sustained and she was granted a decree awarding her alimony "unconnected with divorce." The question raised by the pleadings is whether, when such payments were made in compliance with the decree of the court, they were deductible by petitioner. We do not think they were deductible.

Section 71(a)[1] of the 1954 Code must be examined to determine whether such payments are deductible. It is not contended by peti-

---

[1] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

(2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such

tioner that section 71 (a) (2) or (3) are applicable here. Clearly they are not applicable.

The question is whether the payments made by petitioner to Clarice under the Circuit Court's decree in 1954 and 1955 were deductible because paid in accordance with section 71(a) (1). As we have already stated, such payments were not paid in accordance with a decree of divorce. They were made according to the decree of the court "unconnected with divorce." It is clear from the language of section 71(a) (1) that in order for the payments to be deductible under an order of separate maintenance, such order of separate maintenance must qualify as a "legal separation" of the spouses.

Many cases have been cited and discussed by the parties in their briefs but we shall make no attempt to discuss them all. One case which we think is particularly applicable here is *Russell W. Boettiger*, 31 T.C. 477 (1958). In that case we held that a State court decree for separate maintenance, which was merely an order for the husband to fulfill his duty to support his wife, does not effectuate a legal separation within the meaning and requirements of section 71(a) (1). We held that such a decree, to be effective under section 71(a) (1), must specifically provide a separation between husband and wife. After quoting some of what we said in *John B. Keleher*, 25 T.C. 1154 (1956), as to the meaning of "legal separation" as used in the applicable statute, we said:

The term "sanctioning or legitimizing" indicates that a court decree, in order to be construed as one that effectuates a "legal separation," must expressly and affirmatively provide that the parties live apart in the future, and thereby alter the original and normal marital relationship.

\* \* \* \* \* \* \*

We would be legislating, and not interpreting, if we were to reduce the statutory requirement for "legal separation" here to a mere de facto separation in those cases where the facts would have justified decreed legal separation. \* \* \*

It is plain that in the instant case the decree of the Circuit Court ordering petitioner to make weekly payments to his wife, unconnected with a divorce, did not expressly or affirmatively provide that the parties live apart in the future. Petitioner contends that the decree of the Florida court which ordered alimony to be paid "unconnected with divorce" did effect a legal separation of petitioner and his wife

relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

because of section 65.11 of the Florida Statutes Annotated which reads:

65.11 Effect of decree of alimony

A decree of alimony granted under § 65.08 and § 65.09 shall release the wife from the control of her husband, and she may use her alimony, and acquire, use and dispose of other property, uncontrolled by her husband; and when the husband is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property, and make such order or decree as will secure the wife's alimony to her.

Section 65.09 of which section 65.11 speaks and which was the basis of the decree in the instant case reads:

65.09 Alimony unconnected with divorce

If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife.

It seems to us that section 65.11 of the Florida Statutes Annotated upon which petitioner so strongly relies is nothing more than a codification of common law rights and obligations and its effect is to provide the wife with remedies to enforce the payment of the alimony which has been awarded to her under section 65.09 "unconnected with divorce." To say that the language "shall release the wife from the control of her husband" provides a legal separation is unwarranted we think.

The case of *Bredin* v. *Bredin*, 89 So. 2d 353 (Fla. 1956), holds that alimony was designed to provide food, clothing, habitation, and other necessities for the support of the wife and is an allowance which the husband may be compelled to pay the wife for her maintenance when living apart from him, either pursuant to a divorce decree or decree of separate maintenance unconnected with divorce.

It is plain to us that the decree by the Florida court which is here involved was nothing more than a decree of separate maintenance. It did not specifically decree that petitioner and his wife should be legally separated, see *Russell W. Boettiger, supra.*

It is true that by reason of subparagraph (3) of section 71(a), if the payments in question had been received under a decree of the court entered after March 1, 1954, the payments would have been taxable to the wife and consequently would have been deductible to petitioner under section 215 of the 1954 Code. But petitioner does not contend that section 71(a)(3) has any application to the instant case. The

decree was entered February 1, 1954, and it is clear that section 71 (a) (3) does not have any application.

We decide the issue here involved in favor of the respondent, *Russell W. Boettiger, supra.*

Because of other matters herein which have been agreed upon by the parties,

*Decision will be entered under Rule 50.*