RICHARD C. KEIBLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keibler v. Commissioner
Docket No. 10979-77.
United States Tax Court
T.C. Memo 1980-75; 1980 Tax Ct. Memo LEXIS 508; 39 T.C.M. (CCH) 1242; T.C.M. (RIA) 80075; March 18, 1980, Filed Dominic Ciacimboli, for the petitioner. Michael A. Yost, Jr., for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1974 in the amount of $20,653.70. Due to concessions, the only issue remaining for our decision is whether petitioner was a "married individual," as that term is used in section 1348(c), Internal Revenue Code of 1954, [1] on December 31, 1974. All of the facts have been stipulated. The stipulation of *509 facts and exhibits attached thereto are incorporated herein by this reference. Richard C. Keibler, herein petitioner, filed a Federal income tax return for the taxable year 1974 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. Though he was married on December 31, 1974 (the last day of his taxable year), petitioner listed his filing status as "single" on the tax return. In computing his income tax liability, petitioner availed himself of the provisions of section 1348, which provides for a maximum tax rate of 50 percent on earned income. Respondent denies that petitioner may use the provisions of section 1348 on the grounds that section 1348(c) requires married taxpayers who would use the relief provisions of section 1348 to file joint returns. At the time he filed his petition in this Court, petitioner resided in Apollo, Pennsylvania. Sometime prior to June 278 1958, petitioner married Margaret L. Keibler ("Margaret"). On that date, the Court of Quarter Sessions of Westmoreland County, Pennsylvania, in a case styled Commonwealth v. Richard C. Keibler, entered an order ("the Order") requiring petitioner to pay $150 per month to Margaret for the support *510 and maintenance of their two children and her. On January 9, 1973, the Court of Common Pleas of Westmoreland County, Pennsylvania, entered an amended order ("the Amended Order") which increased the required support payments to $1,500 per month, the first such increased payment to be due on January 25, 1973. Pursuant to this amended order, petitioner made monthly payments of $1,500 for the support and maintenance of his wife and children from January 25, 1973, through December 1976. Petitioner and Margaret were divorced after 1974. If an individual is "married," as that term is used in section 1348(c), he must, in order to avail himself of the maximum tax rate of 50 percent on earned income provided in section 1348, file a return jointly with his spouse for the taxable year. Sec. 1348(c). For these purposes, an individual's marital status is determined under section 153 and the regulations thereunder. Sec. 1.1348-1, Income Tax Regs. For the taxable year 1974, section 153 read as follows: SEC. 153. DETERMINATION OF MARITAL STATUS. For purposes of this part-- (1) The determination of whether an individual is married shall be made as of the close of his taxable year; except *511 that if his spouse dies during his taxable year such determination shall be made as of the time of such death; and (2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. The corresponding regulations merely reiterate the applicable statutory language. Sec. 1.153-1, Income Tax Regs.
Petitioner filed his return on a calendar year basis; therefore, the relevant time at which to determine his marital status was December 31, 1974. At that time, he was clearly not legally separated from his spouse under a decree of divorce. However, petitioner claims that the Amended Order constituted a decree of separate maintenance which legally separated him from his spouse, thus rendering him "unmarried" for purposes of sections 153 and 1348(c). Respondent denies that the Amended Order accomplished a legal separation of petitioner and his spouse. We agree with respondent. We have long held that court-ordered support payments for separate maintenance do not necessarily evidence a legal separation of the spouses. Kalchthaler v. Commissioner, 7 T.C. 625 (1946); Keleher v. Commissioner, 25 T.C. 1154 (1956); *512 Boettiger v. Commissioner, 31 T.C. 477 (1958); Capodanno v. Commissioner, 69 T.C. 638 (1978), affd. 602 F.2d 64 (3d Cir. 1979). The determination of whether the parties are legally separated depends on the law of the state of the marital domicile of the parties, here Pennsylvania. Capodanno v. Commissioner, supra; Dunn v. Commissioner, 70 T.C. 361 (1978), affd. mem. 601 F.2d 599 (7th Cir. 1979). In Boettiger v. Commissioner, supra, we held that a decree effects a "legal separation" only if it "expressly and affirmatively [provides] that the parties live apart in the future, and thereby [alters] the original and normal marital relationship." Though the Order and the Amended Order imply a judicial recognition that the parties are living apart, they do not declare that the parties have a right to live apart, and that latter declaration is the essence of a "legal separation." Boettiger v. Commissioner, supra; Kalchthaler v. Commissioner, supra; Keleher v. Commissioner, supra.The absence of such *513 a judicial declaration, by itself, justifies this Court's finding in favor of respondent. Petitioner had an enforceable duty to support his wife under both the common law of Pennsylvania and the Pennsylvania statutes. Brenner v. Sukenik, 410 Pa. 324, 189 A.2d 246 (1963); Pa. Stat. Ann. tit. 48, sec. 131 (Purdon 1965). A proceeding in Pennsylvania courts to enforce that duty is quasi-criminal in nature. Commissioner v. Rankin, 270 F.2d 160 (3d Cir.1959). Proceedings to effect a judicial separation of the spouses are civil in nature. "Legal separation" of spouses, historically, could be accomplished in Pennsylvania only by an absolute divorce from the bonds of matrimony or a divorce from bed and board. Rankin v. Commissioner, supra. The latter form of legal separation has been declared unconstitutional in Pennsylvania. Wiegand v. Wiegand, 226 Pa. Super. Ct. 278, 310 A.2d 426 (1973). That being the case, only an absolute divorce works a legal separation in Pennsylvania. Since petitioner admittedly did not obtain an absolute divorce from Margaret on or before December 31, 1974, he was not "legally separated" from her on *514 that date. Again, this finding alone would produce a decision in respondent's favor. Petitioner would have us determine that the Amended Order is the equivalent of a divorce from bed and board -- even though such judicial separations are unconstitutional in Pennsylvania -- based on two arguments. First, he would argue that historical venue considerations control the substance of the controversy dealt with in the Amended Order. Before 1969, actions for nonsupport were traditionally brought in the Court of Quarter Sessions of the appropriate county, whereas actions involving legal separations (absolute divorces and divorces from bed and board) were brought in the Court of Common Pleas of the appropriate county. Rankin v. Commissioner, supra. The Court of Quarter Sessions was abolished after 1968 with the Courts of Common Pleas assuming the jurisdiction formerly exercised by the abolished Courts of Quarter Sessions. Pa. Const. art. 5, Schedule to Judiciary Article, sec. 4. Since the Amended Order was issued by the Court of Common Pleas, petitioner simplistically argues that the Amended Order must have dealt with an issue of legal separation. We deem this argument specious. *515 A legislature's alteration of the available forums does not change the gravamen of the action. Moreover, because the Amended Order merely updates an order issuing originally from the Court of Quarter Sessions, petitioner's argument cannot prevail. Petitioner's other argument, by which he attempts to persuade us that the Amended Order was a de facto divorce from bed and board, is similarly unconvincing. Petitioner would distinguish all of the above-cited cases on the ground that they were decided in situations where a state provided for a divorce from bed and board, whereas the instant case arises in Pennsylvania which, during the years here relevant, did not provide for such a judicial separation. Such a distinction was used in Legget v. Commissioner, 329 F.2d 509 (2d Cir. 1964), revg. 39 T.C. 1022 (1963). The court there found that a form of limited divorce in the nature of a divorce from bed and board existed in Florida, even in the face of an extant Florida statute prohibiting such divorces. The Pennsylvania law, unlike the contradictory Florida law, does not justify a holding such as that of Legget v. Commissioner, supra. *516 Petitioner was neither divorced nor legally separated from his spouse on December 31, 1974; therefore he was, under the criteria of section 153 as incorporated into section 1348(c), married in taxable year 1974. Since he and his spouse did not file a single joint Federal income tax return for taxable year 1974, he may not avail himself of the provisions of section 1348. Concessions having been made, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩